[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Valerie Higgins appeals from the judgment of the Montgomery County Common Pleas wherein the court dismissed her post-conviction petition.
Ms. Higgins was indicted on January 22, 1992 for aggravated trafficking in cocaine in an amount exceeding 100 times the bulk amount in violation of R.C. 2925.03(A)(9). After a suppression motion was denied, Higgins entered a no contest plea to the indicted charge on September 28, 1993.
Ms. Higgins was informed at the time of the plea by the trial court that the sentence she faced was an indefinite term of 15 years to life. The judge did not mention that the defendant faced 15 years of actual incarceration. The defendant did sign a plea form in which she acknowledged she understood that the minimum 15 year term is "actual incarceration." At her sentencing in October 1993, the court imposed the 15 year actual incarceration sentence. Neither the defendant nor her counsel responded in any way to the sentence imposed.
The defendant's sentence was affirmed on December 14, 1994 after her appellate counsel filed an Ander's brief and this court could not find prejudicial error in the record.
Ms. Higgins filed an application to reopen her appeal pursuant to App.R. 26(B) on July 20, 1995. In her application she argued that her appellate counsel was ineffective in failing to argue that her no contest plea was defective because the trial court failed to advise her the minimum period of incarceration was "actual incarceration." In rejecting Ms. Higgins' application, we held her appellate counsel was not ineffective as she had acknowledged in the plea form that she faced 15 years of actual incarceration as a result of her plea.
On March 29, 1996 she filed her post-conviction relief petition and accompanied it with an affidavit which stated the following:
 After the motion to suppress the evidence was denied, attorney Michael D. Matlock was appointed to represent me. After his appointment, attorney Matlock visited me in jail to discuss a plea bargain offer which counsel said the prosecution had offered. Counsel told me that since I had initially assisted the narcotics detectives following my arrest and had made phone calls to the people the drugs was suppose to be delivered to, and had given up the names of the people involved, the prosecutor would allow me to plead "no contest" to the charge and the state would remain silent at my sentencing hearing.
 Attorney Matlock advised me that I should enter the offered "no contest plea" because if I rejected the plea offer and went to trial I would be convicted and would receive a twenty (20) years to life sentence which would require me to serve 20 years before being eligible for parole.
 Counsel informed me that if I entered a "no contest" plea I would only receive a fifteen (15) years minimum sentence, as the detectives had initially promised me, with a maximum sentence of life sentence. I asked counsel when would I be eligible for parole on the minimum sentence of fifteen years, if I did enter a plea of guilty? At that point, attorney Matlock showed me in a "1992 Ohio Criminal Law Handbook" that on a 15 year minimum sentence, with time off for good behavior I could be eligible for parole in ten (10) years and six months, or with time off for good behavior and days credit, I could be eligible for parole in ten (10) years. He said that all I would have to do is keep her "nose clean" while in prison. The book shown to me did not list parole eligibility of a twenty (20) year minimum sentence.
 I requested time to consider the plea offer. After a few days, I called the attorney Matlock and informed him that I would enter the plea of "no contest" because I would rather be eligible for parole in ten (10) years and six months, or in ten (10) years, than go to trial, be convicted, and receive a minimum twenty (20) year sentence and not be eligible for parole until twenty years.
 On September 24, 1993, I appeared in court to enter the "no contest" plea. The court found me guilty. Shortly after entering the plea, after everyone had left the courtroom, Attorney Matlock asked me to sign a plea form. On this form, it stated that the 15 years minimum sentence was to actual incarceration. Before signing the form, I asked Mr. Matlock what did the 15 years actual incarceration mean? He immediately replied, "that only means that you have to actually go to jail and not receive probation or shock probation."
 On October 18, 1993, I was sentenced to a minimum 15 years and the maximum of life imprisonment. After being sent to prison, my case manager informed me that my minimum sentence of 15 years actual incarceration was day for day, and that I would not be eligible for parole in 10 years or 10 years and six months, but only after serving fifteen actual years. It was then that I realized that my attorney had lied to me in order to get me to plea "no contest" to the charge.
 Had I been advised that my sentence, if convicted, could only have been fifteen 15 years to life, not twenty (20) years to life, and that under my charge I was required to be imprisoned for the stated period of fifteen (15) years minimum, day for day, I would not have entered a plea of "no contest" to the charge but would have went insisted on going to trial. In the absence of the lie my attorney told me about my parole eligibility on the 15 years sentence and what actual incarceration meant, there is absolutely no way I would have waived my constitutional rights and entered a "no contest" plea to aggravated trafficking to receive 15 years actual incarceration as a minimum sentence, when I could not have received any more than the same 15 years actual incarceration minimum sentence had I exercised my rights and went to trial.
In dismissing her petition without hearing, the trial court held that Ms. Higgins' claim was barred by the doctrine of res judicata. Higgins asserts in three related assignments of error that the trial court erred in denying her petition upon res judicata grounds. She contends the trial court also erred in not granting her an evidentiary hearing on her claim.
The State argues that the trial court properly dismissed the petition without a hearing upon the authority of State v. Kapper
(1983), 5 Ohio St.3d 36, 39. In that case the Supreme Court held:
 "[A] petition for postconviction relief is subject to dismissal without a hearing when the record, including the dialogue conducted between the court and the defendant pursuant to Crim.R. 11, indicates that the petitioner is not entitled to relief and that the petitioner failed to submit evidentiary documents containing sufficient operative facts to demonstrate that the guilty plea was coerced or induced by false promises."
 State v. Kapper, supra, is not relevant to the issue before us. The appellant does not contend that she was promised a sentence which the court failed to impose. She contends her trial counsel was ineffective in misrepresenting to her what "actual incarceration" meant.
In State v. Jackson (1980), 64 Ohio St.2d 107, the Ohio Supreme Court held that in a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness.
"Actual incarceration" means that the offender is required to be imprisoned for the stated period of time to which he is sentenced that is specified as a term of actual incarceration. The prisoner is entitled to have his sentence diminished as provided by R.C. 2967.19, R.C. 2967.193, and R.C. 5145.11. In other words, a person who receives a sentence of actual incarceration is entitled to "good time" credit for good behavior in prison. See, R.C. 2929.01.
Counsel's representations were not inaccurate. Appellant has failed to portray her trial counsel's ineffectiveness. The assignments of error are overruled. The judgment of the trial court will be Affirmed.
KERNS, J., and MILLIGAN, J., concur.
(Hon. Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District and Hon. John R. Milligan, Retired from the Court of Appeals, Fifth Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Karyn J. Lynn
Valerie Higgins
Hon. David Gowdown