OPINION
Petitioner-appellant Joseph R. Bruni appeals the March 25, 1998 Judgment Entry of the Stark County Court of Common Pleas which dismissed his Motion for Post Conviction Relief. The State of Ohio is respondent-appellee.
 STATEMENT OF THE CASE
On February 8, 1984, appellant plead guilty to rape and felonious assault. Appellant did not file a direct appeal from his conviction and sentence on those two charges.
On January 7, 1985, appellant filed a motion for shock probation. The trial court denied the motion on the same date it was filed.
On August 21, 1996, appellant filed a Petition to Vacate or Set Aside Judgments of Conviction and Sentence (hereinafter "petition") asserting two separate grounds. The first ground being he was denied effective assistance of counsel because counsel promised him he would receive shock parole after serving six months in prison if he plead guilty. The second ground being he should be resentenced under the guidelines set forth in S.B. 2 effective July 1, 1996. On March 18, 1998, appellee filed its response to appellant's petition.
On March 25, 1998, the trial court issued its Judgment Entry summarily dismissing appellant's petition without hearing. In that judgment entry, the trial court found the ground asserted by appellant was ". . . his attorney told him that if he pleaded guilty he would be eligible for shock probation after six (6) months." Citing, State v. Kapper (1983), 5 Ohio St.3d 36, the trial court concluded appellant's claims were without merit because the affidavits in support were "self-serving and do not meet minimum level of cogency required to support his claims." The trial court further found appellant knowingly and voluntarily signed a plea form which stated the period of incarceration and a statement he was not eligible for probation. The trial court concluded appellant failed to support his claims with sufficient evidence to raise a genuine issue of material fact or a substantial constitutional issue, and denied and dismissed his motion for a post conviction relief.
It is from the March 25, 1998 Judgment Entry appellant prosecutes this appeal assigning as error:
 I. THE COURT BELOW VIOLATED BRUNI'S RIGHTS TO THE EFFECTIVE ASSISTANCE OF COUNSEL AND DUE PROCESS, AS WELL AS HIS PRIVILEGE AGAINST SELF-INCRIMINATION, AS GUARANTEED BY THE OHIO AND UNITED STATES CONSTITUTIONS, BY DISMISSING BRUNI'S PETITION ON THE BASIS OF CLEARLY ERRONEOUS FACTUAL FINDINGS AND BY CONCLUDING THAT BRUNI'S PLEA WAS KNOWINGLY AND VOLUNTARILY ENTERED BASED UPON THE IRRELEVANT FINDING THAT BRUNI KNEW HE WAS INELIGIBLE FOR PROBATION WHEN HE SIGNED THE GUILTY PLEA.
 II. THE COURT BELOW VIOLATED BRUNI'S RIGHTS TO THE EFFECTIVE ASSISTANCE OF COUNSEL AND DUE PROCESS, AS GUARANTEED BY THE OHIO AND UNITED STATES CONSTITUTIONS, BY DISMISSING BRUNI'S PETITION NOTWITHSTANDING THAT HE PRESENTED SUBSTANTIVE GROUNDS FOR RELIEF SUFFICIENT TO WARRANT AN EVIDENTIARY HEARING UNDER R.C. 2953.21(C) AND (E).
 III. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND DENIED PETITIONER HIS RIGHT TO DUE PROCESS UNDER THE OHIO AND UNITED STATES CONSTITUTIONS BY FAILING TO PROVIDE FINDINGS OF FACT AND CONCLUSIONS OF LAW AS TO PETITIONER'S SECOND CLAIM FOR RELIEF, AS REQUIRED BY R.C. 2953.21.[1]
 I
Herein, appellant argues the trial court's factual findings are clearly erroneous and contradicted by the record. The trial court found appellant's grounds for relief were premised upon his attorney's telling him he would be eligible for shock probation
after six months if he pleaded guilty. Appellant notes such finding is erroneous in two respects.
First, appellant's claim is not he was eligible for shock probation, but rather shock parole. While the trial court has the authority to grant shock probation, it does not have the authority to grant or deny shock parole. The trial court cites the signed plea form as evidence appellant acknowledged he was not eligible for shock probation. Such acknowledgment does not contradict or refute appellant's claim he was promised shock parole. We agree with appellee there is a fundamental difference between shock probation and shock parole. We are unable to find such mischaracterization by the trial court was not prejudicial in light of the trial court's specific reference to the plea form wherein appellant acknowledged he was ineligible for probation.
Second, appellant asserts the trial court misinterpreted his claim as being promised eligibility for probation as opposed to being promised release on shock parole after six months if he plead guilty. We agree with appellant, there is a significant difference between the two ". . . because eligibility only involves consideration for release, while release means outright release." (Appellant's Brief at 5). Again, we find appellant suffered prejudice as a result of the trial court's misinterpretation of his claim in light of the trial court's reference to the plea form language appellant was not eligible for probation. For both of the foregoing reasons, we sustained appellant's first assignment of error.
 II
Although we have sustained appellant's first assignment of error, the error asserted herein is not rendered moot because it represents an independent ground upon which the trial court could have dismissed appellant's petition.
As noted in the Statement of the Case supra, the trial court found the affidavits attached to appellant's petition were self-serving; therefore, insufficient under Kapper, supra, to warrant an evidentiary hearing. We disagree.
This Court and other appellate courts have interpretedKapper, supra, as holding a petitioner's self-serving declaration or affidavit containing a conclusory allegation his guilty plea was the product of ineffective assistance of counsel is insufficient to warrant a hearing when petitioner's claim is otherwise rebutted by the record. The courts have come to this conclusion even though the petitioner in Kapper offered no affidavit whatsoever. However, the petition in the case sub judice
presented more than appellant's own self serving affidavit and, as discussed in I, supra, was not expressly rebutted by the plea form. Appellant submitted additional affidavits, albeit from family members, averring appellant's trial counsel, Mr. Ross, assured him he would be released on shock parole after six months.[2] Although the trial court may ultimately find such claim incredible based upon the passage of time between the plea and when the petition was filed and because of the apparent bias of the other affiants, we nonetheless find appellant's petition sufficient to warrant a hearing in this case.[3]
Appellant's second assignment of error is sustained.
The judgment of the Stark County Court of Common Pleas is reversed.
By: Hoffman, J., Wise, P.J. and Gwin, J. concur.
[1] Appellant withdrew his third assignment of error at oral argument based upon the Ohio Supreme Court's decision in State v.Rush (1998), 83 Ohio St.3d 53.
[2] We find the evidence submitted regarding Mr. Ross' recollection of the plea less than conclusive and insufficient to summarily reject as incredible the other affidavits submitted with appellant's petition.
[3] To the extent our brethren in State v. Moore (1994),99 Ohio App.3d 748, held otherwise, we respectfully disagree.
For the reasons stated in our accompanying Memorandum-Opinion, the March 25, 1998 Judgment Entry of the Stark County Court of Common Pleas is reversed and this case is remanded to that court for further proceedings in accordance with our opinion and the law. Costs assessed to appellee.