THE STATE OF OHIO, APPELLEE, *v.* KAPPER, APPELLANT.

[Cite as State *v.* Kapper (1983), 5 Ohio St. 3d 36.]

(No. 82-925—Decided May 18, 1983.)

---

¹ According to appellant, the specific allegations were:

1. "[Attorney] told defendant 6 months to 5 years. Grand theft would run concurrent to the 4-25 years."

2. "[Attorney] told defendant he would do no more than 18 months at Reformatory only."

3. "[Attorney] told defendant witnesses against him and co-defendant where [*sic*] available and ready to testify against him [proved he lied for when co-defendant (Larry Eldridge) went to trial, case was dismissed for witnesses did not appeal [*sic*] to testify against him]."

4. "[Attorney] assured defendant that if he pled guilty he would receive less time than co-defendant again which was a lie for co-defendant had case dismissed against him."

5. "[Attorney] told defendant that the witness' different statements given to Grand Jury and at co-defendant's Preliminary Hearing did not mean anything."

6. "Attorney for defendant refused to file motion for continuance when first asked."

7. "Attorney advised defendant to waive Preliminary Hearing and Jury Trial saying he would get convicted anyway and get the maximum time possible."

8. "Attorney advised defendant to say no if the Judge asked if any promises were made, also not to say anything or bring anything else up in court when judge asked if he had anything he wished to say before sentence pronounced."

9. "Violation of alleged plea bargain agreement which attorney for defendant led him to believe in order to (coercion) induce defendant to plead guilty."

10. "Violation of State law when never [*sic*] attorney for defendant nor prosecutor made a matter of record the complete plea bargain — just the part about sentencing to Reformatory was made at last minute."

*Mr. Lynn C. Slaby,* prosecuting attorney, and *Mr. Philip D. Bogdanoff,* for appellee.

*Mr. J. Dean Carro* and *Appellate Review Office, School of Law, University of Akron,* for appellant.

*Per Curiam.* The question certified to this court by the court of appeals "is whether a trial court must hold an evidentiary hearing in a post-conviction proceeding brought pursuant to R.C. 2953.21 *et seq.,* wherein it is alleged that the plea of guilty was coerced and where the record shows that, prior to the acceptance of the plea of guilty, the trial court was told by the petitioner that no promises had been made to the petitioner to induce the plea of guilty." Appellant also raises issues of whether he was denied the effective assistance of counsel and whether the plea bargain was kept.

Appellant relies primarily on *State* v. *Milanovich* (1975), 42 Ohio St. 2d 46 [71 O.O.2d 26], to support his contention that he should have been afforded an evidentiary hearing pursuant to R.C. 2953.21(E). *Milanovich* was a post-conviction relief case wherein the petitioner alleged that "his guilty plea was induced by counsel's [off-the-record] promise that 'shock parole' would be granted * * *." *Id.* at 49. This court held in paragraph one of the syllabus that, "[w]here a claim raised by a petition for postconviction relief under R.C. 2953.21 is sufficient on its face to raise an issue that petitioner's conviction is void or voidable on constitutional grounds, and the claim is one which depends upon factual allegations that cannot be determined by examination of the files and records of the case, the petition states a substantive ground for relief."

Appellant contends that the instant case falls under the rule of *Milanovich* because his petition alleged off-the-record promises and further alleged that counsel had advised him to deny to the court that any promises had been made. If the legal landscape had remained unchanged from the time the petitioner in *Milanovich* entered his plea and the time appellant entered

---

11. "Defendant was being tried under an illegal indictment for only the trial court under law has the power to make joinder of offenses and of defendants * * *." [Bracketed material *sic.*]

The actual petition for post-conviction relief does not appear in the record.

his pleas, then the instant case would seemingly be controlled by *Milanovich.* The law has changed significantly, however, as a result of the adoption of the Criminal Rules, and more specifically Crim. R. 11. "* * * Crim. R. 11, effective July 1, 1973, and similar to F.R. Crim. P. 11, remedies the problems inherent in a subjective judgment by the trial court as to whether a defendant has intelligently and voluntarily waived his constitutional rights and ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandably and voluntarily made." *State* v. *Stone* (1975), 43 Ohio St. 2d 163, 167-168 [72 O.O.2d 91]. In the case at bar it is uncontroverted that the court complied with the requirements of Crim. R. 11, thereby providing the post-conviction court with a far more adequate record than was available in *Milanovich.* The dialogue between court and defendant envisioned by Crim. R. 11 is substantively meaningful. *State* v. *Ballard* (1981), 66 Ohio St. 2d 473 [20 O.O.2d 397]. While we acknowledge that compliance with Crim. R. 11 does not absolutely immunize a guilty plea from collateral attack, we are satisfied that a record reflecting compliance with Crim. R. 11 has greater probative value than the record containing a signed statement, which we held not to be conclusive, in *Milanovich.*

The state argues for a standard in determining whether an evidentiary hearing should be held on a post-conviction petition that is largely borrowed from *State* v. *Jackson* (1980), 64 Ohio St. 2d 107 [18 O.O.3d 348]. In *Jackson,* we held that "[i]n a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." The state offers the following rationale to support the analogous application of *Jackson* in the guilty plea context:

"As in the case of ineffective assistance of counsel, an allegation of a coerced guilty plea involves actions over which the State has no control. Therefore, the defendant must bear the initial burden of submitting affidavits or other supporting materials to indicate that he is entitled to relief. Defendant's own self-serving declarations or affidavits alleging a coerced guilty plea are insufficient to rebut the record on review which shows that his plea was voluntary. A letter or affidavit from the court, prosecutors or defense counsel alleging a defect in the plea process may be sufficient to rebut the record on review and require an evidentiary hearing."

We find this rationale persuasive. Accordingly, we hold that a petition for post-conviction relief is subject to dismissal without a hearing when the record, including the dialogue conducted between the court and the defendant pursuant to Crim. R. 11, indicates that the petitioner is not entitled to relief and that the petitioner failed to submit evidentiary documents containing sufficient operative facts to demonstrate that the guilty plea was coerced or induced by false promises.

In the instant case the record indicates that appellant was not entitled to

relief and that he failed to submit evidentiary documents apart from the bare allegations contained in his complaint. Appellant did not carry his initial burden and, therefore, the courts below did not err in denying him an evidentiary hearing.

Appellant's ineffective assistance of counsel claims are controlled by *Jackson* and the recent case of *State* v. *Pankey* (1981), 68 Ohio St. 2d 58 [22 O.O.3d 262]. In *Pankey* we stated, at 59, that "[a]ppellant cites various occurrences in order to illustrate his counsel's ineffectiveness. These allegations, however, do not meet the burden of proof established by this court in *Jackson, supra.* Appellant has not submitted, 'evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness.' Rather, he has made broad conclusory statements which, as a matter of law, do not meet the requirements for an evidentiary hearing."

Appellant contends that his petition was sufficient because it was replete with particulars. While *Jackson* disapproved of "[b]road assertions," at 111, and *Pankey* rejected "broad conclusory statements" at 59, neither case turned on whether the allegations were specific. Rather, the absence of "evidentiary documents containing sufficient operative facts" governed the outcome. Appellant concedes that "no documents were submitted in support of * * * [his] claims." Consequently, the courts below properly applied *Jackson* in refusing to order an evidentiary hearing on the ineffectiveness of counsel claim.

Appellant's final proposition concerning whether the plea bargain was kept is but a variation on the certified question. Appellant claims that the imposition of consecutive sentences and his transfer from the Ohio State Reformatory were contrary to the negotiated agreement. The record indicates appellant acknowledged that the court could impose consecutive sentences and that the state recommended "the minimum consecutive sentence * * *." The record further indicates that appellant was sentenced to the reformatory pursuant to the plea bargain even though upon turning thirty he was transferred to the Ohio Penitentiary. Under these circumstances it cannot be said that the state has failed to keep the plea bargain and appellant's reliance on *State* v. *Bowen* (1977), 52 Ohio St. 2d 27 [6 O.O.3d 112], and *Santobello* v. *New York* (1971), 404 U.S. 257, is misplaced.

For the reasons hereinbefore stated the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, WEBER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

W. BROWN, J., dissents.

WEBER, J., of the Second Appellate District, sitting for LOCHER, J.

WILLIAM B. BROWN, J., dissenting. I respectfully dissent. In my opinion, appellant was entitled to a hearing on either one of two bases.

First, this court's holding in *State* v. *Milanovich* (1975), 42 Ohio St. 2d 46 [71 O.O.2d 26], mandates that appellant be afforded a hearing. The majority, while candidly admitting that these two cases are factually indistinguishable, contends that the adoption of Crim. R. 11, subsequent to the *Milanovich* decision, mandates a different legal conclusion. I disagree.

In construing the analogous federal rule, the United States Supreme Court stated in *Fontaine* v. *United States* (1973), 411 U.S. 213, 215, as follows:

"The objective of Fed. Rule Crim. Proc. 11, of course, is to flush out and resolve all such issues [whether a guilty plea is voluntary], but like any procedural mechanism, its exercise is neither always perfect nor uniformly invulnerable to subsequent challenge calling for an opportunity to prove the allegations."

I find this analysis compelling. Compliance with Crim. R. 11 should be evidentiary, not conclusive. (Accord *Reed* v. *United States* [C.A. 9, 1971], 441 F. 2d 569, 572.) This result is especially warranted in light of the willingness of this court to accept as sufficient less than scrupulous adherence to the dictates of Crim. R. 11. (See, *e.g., State* v. *Stewart* [1977], 51 Ohio St. 2d 86, 94 [5 O.O.3d 52] [dissenting opinion]; *State* v. *Billups* [1979], 57 Ohio St. 2d 31, 40-41 [11 O.O.3d 150] [dissenting opinion]; *State* v. *Ballard* [1981], 66 Ohio St. 2d 473, 482 [20 O.O.3d 397] [dissenting opinion]; and cf. *State* v. *Sturm* [1981], 66 Ohio St. 2d 483 [20 O.O.3d 403].)

Indeed, scrupulous adherence to the requirements of Crim. R. 11 would have obviated the need for this appeal, for subdivision (F) of Crim. R. 11 mandates that "* * * in felony cases, [where] a negotiated plea of guilty * * * is offered, the underlying agreement upon which the plea is based shall be stated on the record in open court."

Secondly, appellant is entitled to a hearing pursuant to the clear language of R.C. 2953.21, Ohio's post-conviction relief remedy. As was expressed in my dissenting opinion in *State* v. *Jackson* (1980), 64 Ohio St. 2d 107, 114-115 [18 O.O.3d 348], when a facially sufficient constitutional claim is dependent upon factual allegations that could not be determined on the basis of the files and records included in a challenge because the claim is dependent upon evidence outside the record, a hearing pursuant to R.C. 2953.21(E), or a summary judgment proceeding pursuant to R.C. 2953.21(D), is necessary to dispose of the petition.

In the instant case, appellant set forth eleven reasons supporting his claim that his guilty plea was coerced and hence the petition presented a facially sufficient constitutional claim. Further, the facts which would support his claim that a "voluntary" plea was in actuality involuntary because counsel gave false promises and misinformation are peculiarly within the knowledge of the appellant and his counsel. Such facts, as evidenced by the

record herein, are not ordinarily supported by evidentiary documentation.[2] The majority suggests that the appellant could have documented his claim by submitting, for example, a letter or affidavit from the court, prosecutors or defense counsel alleging a defect in the plea process. This is clearly unrealistic. The trial court will often be unaware of any such defect, a result which could be avoided if this court would require scrupulous adherence to Crim. R. 11. No prosecutor is likely to admit to a plea process defect once a conviction is obtained and no defense attorney is likely to admit to the same for fear of a malpractice action.

With the decision of this court today, any meaningful post-conviction relief in Ohio is merely an illusion.

---

[2] Neither this dissent nor my dissent in *Jackson* should be read as a *per se* prohibition of all *sua sponte* dismissals of post-conviction relief petitions. Such dismissals, in my opinion, are proper in instances where a petitioner fails to present a facially sufficient constitutional claim or where a petitioner fails to produce evidentiary documents containing sufficient operative facts when such documents are indeed available. See, *e.g., State* v. *Pankey* (1981), 68 Ohio St. 2d 58, 59 [22 O.O.3d 262].