THE STATE OF OHIO, APPELLANT, *v.* DELEO, APPELLEE.

[Cite as State *v.* DeLeo (1991), 57 Ohio St. 3d 603.]

(No. 89-1945—Submitted November 27, 1990—Decided January 16, 1991.)

*Michael Miller,* prosecuting attorney, and *Alan C. Travis,* for appellant.

*Randall M. Dana,* public defender, *Gregory L. Ayers,* chief counsel, and *George H. Lancaster, Jr.,* for appellee.

The appeal is dismissed, *sua sponte,* as having been improvidently allowed.

The court orders that the court of appeals' opinion not be published in the Ohio Official Reports; the opinion may not be cited as authority except by the parties *inter se.*

MOYER, C.J., SWEENEY, DOUGLAS and H. BROWN, JJ., concur.

HOLMES, WRIGHT and RESNICK, JJ., dissent.

HOLMES, J., dissenting. I disagree that this case should be dismissed as having been improvidently allowed, in that it presents what I believe to be an important issue which should be specifically answered on behalf of the state, and most particularly for the guidance of the trial courts, and prosecutors' offices which are responsible for the state's criminal justice system.

Specifically, the state in its appeal to this court seeks a pronouncement that a petition for post-conviction relief is subject to dismissal without a hearing when the record, including the dialogue conducted between the court and the defendant regarding his guilty plea pursuant to Crim. R. 11, clearly indicates that the defendant-petitioner is not entitled to relief, and the petitioner does not assert that the prior guilty plea, based upon a plea bargain, was coerced or induced by false promises. Such a pronouncement should be made here.

A petition for post-conviction relief may be granted only where the petitioner demonstrates that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution. See R.C. 2953.21(A). Unless there is a demonstration of such denial of a constitutional right, the petition reasonably may be denied. Before granting a hearing, the trial court must determine if there are substantive grounds for relief. If the pleadings, files and records show there are no substantive grounds for relief, the petition should be dismissed. R.C. 2953.21(C).

This court, in *State* v. *Kapper* (1983), 5 Ohio St. 3d 36, 5 OBR 94, 448 N.E. 2d 823, required that when the face of the record demonstrates compliance with Crim. R. 11, a petitioner who claims that the record is not an accurate portrayal of the facts must submit evidentiary documentation to support that charge.

In his petition, the defendant made no claim that the record of his dialogue with the trial court (in which he affirmatively stated that no promises outside the record had been made) was false. The petition did not allege off-the-record promises and the defendant did not suggest that he or his attorney had been misled by the trial judge or by

anybody else when they acknowledged that the full plea agreement was set out on the record.

The trial court, upon a full review of the record of this matter, denied the motion for post-conviction relief without a full hearing. The record supports the judgment of the trial court. The entire plea agreement was set forth on the record in open court. Both the trial court and appellate court concluded that the prosecuting attorney's office had complied with the agreement as set out upon the record in open court. The petition did not allege that there were promises *dehors* the record. The guilty plea was taken in full compliance with Crim. R. 11. Accordingly, as the petition did not state substantive grounds for relief, the petition was properly dismissed.

The decision of the court of appeals has created a new standard of review in cases filed under R.C. 2953.21. The decision below permits an appellate court to order an evidentiary hearing in an action filed pursuant to R.C. 2953.21 based not upon the pleadings of the parties, but upon speculation by the appellate court of what might have been raised by the petitioner. Parties to litigation are entitled to rely upon the issues raised by the pleadings filed. This unwarranted extension of proceedings under the post-conviction relief statute ignores the plain wording of the statute and this court's decision in *State* v. *Kapper, supra.*

The additional hearing problems and trial court time consumed in such post-conviction hearings could loom burdensomely and needlessly large, and should not be countenanced by this court.

Therefore, I dissent from the determination that this case was improvidently allowed.

WRIGHT and RESNICK, JJ., concur in the foregoing dissenting opinion.