[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Defendant-appellant Daniel C. Vanderpool appeals from the denial of his petition for post-conviction relief, without a hearing. Vanderpool was convicted of Rape of a Person Under Thirteen and Gross Sexual Imposition of a Person Under Thirteen, following a no-contest plea, and was sentenced accordingly.
Vanderpool predicated his petition for post-conviction relief upon the grounds that he was under the influence of drugs at the time of his plea, and was coerced by his attorney into pleading no contest. He also claims that his attorney was constitutionally ineffective for having failed to challenge incriminating statements, for having failed to provide him with discovery obtained from the State, and for having failed to investigate the charge against him. Vanderpool also contended that his plea was obtained in violation of Crim.R. 11, that the sentencing judge was biased and prejudiced, and that the prosecutor was guilty of misconduct for having presented false testimony to the grand jury and for having obtained Vanderpool's no-contest plea while he was under the influence of drugs.
We conclude that Vanderpool's claim that his plea was obtained in violation of Crim.R. 11 is barred by res judicata, because that claim could and should have been made in a direct appeal. We conclude that his claim that his plea was coerced, and was obtained under the influence of drugs, is belied by the record, and Vanderpool has come forward with no evidence to rebut the record other than his own self-serving affidavit. Similarly, we conclude that his claim that his trial counsel failed to challenge incriminating statements is belied by the record, and is not supported by any evidence other than his own self-serving affidavit. Vanderpool's contention that his trial counsel failed to provide him with discovery obtained from the State is not accompanied by any demonstration of prejudice. His claim that his trial counsel failed to investigate the charges against him is conclusory, and is not accompanied by any demonstration that there was useful evidence that his trial counsel could have found. Vanderpool's claim of bias and prejudice on the part of the trial judge could and should have been raised before sentencing, by an affidavit of bias and prejudice. His claims of prosecutorial misconduct are belied by the record, are conclusory, and his claim that the prosecutor knowingly presented false testimony to the grand jury was waived by his no-contest plea.
For all of the foregoing reasons, we conclude that the trial court correctly denied Vanderpool's petition for post-conviction relief, without a hearing. The judgment of the trial court isAffirmed.
 I
In 1987, Vanderpool was indicted on four counts of Rape of a Person Under Thirteen and two counts of Gross Sexual Imposition of a Person Under Thirteen. He entered a plea of not guilty by reason of insanity. After the trial court found Vanderpool competent to stand trial, a hearing was held on his motion to suppress incriminating statements he had made. Following a hearing, the trial court denied his motion to suppress.
After the denial of Vanderpool's motion to suppress, plea negotiations resulted in a plea bargain, wherein Vanderpool pled no contest to one count of Rape of a Person Under Thirteen and one count of Gross Sexual Imposition of a Person Under Thirteen. The remaining charges were dismissed. Vanderpool was sentenced accordingly.
In a direct appeal, Vanderpool challenged the trial court`s ruling that certain incriminating statements would be admissible against him. We affirmed.
In 1996, Vanderpool filed a petition for post-conviction relief, which was originally dismissed as untimely filed. We reversed and remanded. Upon remand, the trial court considered Vanderpool's petition, but denied it, without a hearing. From the denial of his petition for post-conviction relief, without a hearing, Vanderpool appeals.
 II
Vanderpool's First Assignment of Error is as follows:
 THE APPELLANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHEN COUNSEL COHORSED [SIC] THE PETITIONER INTO WITHDRAWING HIS NOT GUILTY PLEA, AND GIVING A PLEA OF NOLO, WHEN COUNSEL KNEW THE APPELLANT WAS UNDER MIND ALTERING DRUGS AND WOULD DO WHATEVER COUNSEL TOLD HIM TO DO OR SAY, BECAUSE HE DID NOT KNOW BETTER BECAUSE OF THE MIND ALTERING DRUGS AT THE TIME OF HIS CHANGING OF HIS PLEA, AND HE WAS DEPRIVED OF HIS DUE PROCESS, AND DENIED A FAIR TRIAL, HIS 5TH, 6TH, AND 14TH AMENDMENTS U.S.C.A. AND ARTICLE I SECTION 10 AND 16 OF THE OHIO CONSTITUTION WERE VIOLATED.
Where a petition for post-conviction relief is belied by the record, the petitioner is not entitled to a hearing unless he presents evidence beyond his own, self-serving affidavit. Statev. Kapper (1983), 5 Ohio St.3d 36. The record reflects the following colloquy between the trial court and Vanderpool at the time he tendered his no contest plea:
THE COURT: Okay. You're Daniel C. Vanderpool?
THE DEFENDANT: Yes, Sir.
 THE COURT: You've heard what the lawyers have just said. Do you understand what they just said?
THE DEFENDANT: Yes, sir.
 THE COURT: Is that what your desire is? Is that what you're willing to do?
THE DEFENDANT: Yes, sir.
THE COURT: How old are you, sir?
THE DEFENDANT: Forty-four.
 THE COURT: Do you understand these are serious charges?
THE DEFENDANT: Yes, sir.
THE COURT: How long have you lived around this area?
THE DEFENDANT: About seven years.
THE COURT: Can you read and write?
THE DEFENDANT, Yes, sir.
 THE COURT: You've conferred with Mr. Hahn about these cases. Are you satisfied with his advice?
THE DEFENDANT: Yes, sir.
 THE COURT: Are you presently under the influence of any drugs or alcohol?
THE DEFENDANT: Yes, sir.
THE COURT: You are? What are they?
THE DEFENDANT: I'm taking medication now.
THE COURT: Do you understand why you're here today?
THE DEFENDANT: Yes, sir.
THE COURT: Is your mind clear enough to proceed?
THE DEFENDANT: Yes, sir.
THE COURT: Are these pleas being made voluntarily?
THE DEFENDANT: Yes, sir.
THE COURT: That means it's your decision, is that right?
THE DEFENDANT: Yes, sir.
 THE COURT: Has anybody threatened you in any way to get you to plead no contest?
THE DEFENDANT: No, sir.
 THE COURT: Has anybody promised you anything other than this plea arrangement that I've heard read into the record?
THE DEFENDANT: No, sir.
The above-quoted colloquy belies Vanderpool's contention that his no contest pleas was obtained as the result of coercion, or being under the influence of drugs. Accordingly, his own, self-serving affidavit is not sufficient to warrant a hearing.
Vanderpool's First Assignment of Error is overruled.
 III
Vanderpool's Second Assignment of Error is as follows:
 TRIAL COUNSEL WAS INEFFECTIVE WHEN HE DENIED THE APPELLANT A TRIAL BY HIS PEERS, BECAUSE OF THE EXPERT WITNESSES, THAT WOULD HAVE BEEN CALLED TO TESTIFY TO THE APPELLANT'S STATE OF MIND AT THE TIME THE ALLEGED CRIMES WERE TO HAVE TAKEN PLACE DENIED HIM A FAIR TRIAL, AND HIS DUE PROCESS, VIOLATED HIS 4TH, 5TH, 6TH AND 14TH AMENDS. U.S.C.A.
Vanderpool's argument in support of this assignment of error, in his brief, consists entirely of his claim that his trial counsel coerced him into pleading no contest. Based on the colloquy between the trial court and Vanderpool quoted in part II, above, we conclude that the record belies this claim. Accordingly, Vanderpool was required offer more than his own, self-serving affidavit to warrant a hearing on this claim.
Vanderpool's Second Assignment of Error is overruled.
 IV
Vanderpool's Third Assignment of Error is as follows:
 TRIAL COUNSEL WAS INEFFECTIVE WHEN HE DID NOT POINT OUT THE THE [SIC] COURT THE POLICE OFFICER COHORSED [SIC] THE APPELLANT INTO GIVING A STATEMENT AND TOLD HIM THAT IF HE WOULD SIGN PAPERS THAT HE WOULD NOT GO TO JAIL AND WOULD JUST GET THE HELP HE NEEDED IN A HOSPITAL, VIOLATES HIS DUE PROCESS AND DENIES HIM A FAIR TRIAL, WHICH VIOLATES HIS 4TH, 5TH, 6TH, AND 14TH AMENDMENTS U.S.C.A.
The record belies this claim. The record includes a suppression hearing in which the trial court heard evidence on Vanderpool's claim that his incriminating statement to police officers was obtained in violation of his constitutional rights. Because the record belies Vanderpool's claim that his trial counsel failed to argue this matter to the trial court, more than Vanderpool's own self-serving affidavit was required to warrant a hearing on his claim. Vanderpool's Third Assignment of Error is overruled.
 V
Vanderpool's Fourth Assignment of Error is as follows:
 TRIAL COURT ABUSED IT'S [SIC] DISCREATION [SIC] WHEN IT VIOLATED CRIMINAL RULE 11 WHEN IT KNEW THAT THE APPELLANT WAS ON MIND ALTERING DRUGS, AND DID NOT KNOW THE OUTCOME THAT WAS FACING HIM BECAUSE OF THE MIND ALTERING DRUGS AT THE TIME HE GAVE HIS PLEA THAT HE WAS COHORSED [SIC] INTO BY THE COURT APPOINTED ATTORNEY, VIOLATING HIS DUE PROCESS AND HIS RIGHT TO A FAIR TRIAL. VIOLATED HIS 4TH, 5TH, AND 14TH AMENDMENTS U.S.C.A.
Crim.R. 11 lays out certain procedural requirements for the acceptance of a no-contest plea. The record will reflect whether those requirements are satisfied. Accordingly, the claim that a no-contest plea was obtained in violation of Crim.R. 11 can, and must, be raised in a direct appeal.
Vanderpool's claim that his no-contest plea was obtained in violation of Crim.R. 11 is barred by the doctrine of res judicata, since it could, and should, have been raised in a direct appeal. Vanderpool's Fourth Assignment of Error is overruled.
 VI
Vanderpool's Fifth Assignment of Error is as follows:
 TRIAL COUNSEL WAS INEFFECTIVE WHEN HE DID NOT SUPPLY THE APPELLANT WITH DISCOVERY, BEFORE TRIAL OR DURING TRIAL. AND YET HE COHORSED [SIC] HIM INTO WITHDRAWING HIS GUILTY PLEA, AND GIVING A PLEA OF NOLO. VIOLATES HIS DUE PROCESS AND DENIED HIM A FAIR TRIAL, AND THE RIGHT TO PUT FORTH A DEFENSE VIOLATES HIS 6TH, AND 14TH AMENDMENTS U.S.C.A.
A claim of constitutional ineffective assistance of counsel requires both that trial counsel breach an essential duty to the defendant, and that the breach of that duty is prejudicial to the defendant. Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. Even if we were to assume the truth of Vanderpool's assertion — that he was never provided with the discovery package that the State furnished to his trial counsel — Vanderpool has not demonstrated any prejudice resulting from that failure. Vanderpool has not demonstrated that there is anything in that package that would have affected his decision to tender a no-contest plea.
Vanderpool's Fifth Assignment of Error is overruled.
 VII
Vanderpool's Sixth Assignment of Error is as follows:
 TRIAL COUNSEL WAS INEFFECTIVE WHEN HE DID NOT INVESTIGATE INTO THE APPELLANT'S CASE, BEFORE TRIAL, DENIED THE APPELLANT THE RIGHT TO PRESENT A DEFENSE, AND HIS CONFRONTATION RIGHTS, AND THE RIGHT TO PRESENT EXPERT WITNESSES FOR HIS DEFENSE. VIOLATES HIS 4TH, 5TH, 6TH, AND 14TH AMENDMENTS U.S.C.A.
Vanderpool's claim that his trial counsel failed to investigate the charges against him is conclusory. Furthermore, he has not demonstrated that there is any useful evidence that his trial counsel could have found, had he investigated the charges. Accordingly, there has been a complete failure to satisfy the prejudice prong of the standard for ineffective assistance of counsel set forth in Strickland v. Washington, supra.
Vanderpool's Sixth Assignment of Error is overruled.
 VIII
Vanderpool's Seventh Assignment of Error is as follows:
 THE TRIAL JUDGE SHOWED BIAS PREJUDICE AND ABUSED THE COURT'S DISCREATION [SIC] WHEN SHE MADE THE STATEMENT THAT IT DOESEN'T [SIC] MATTER, OR FOR SOME REASON YOU KEEP GOING BACK FORTH TO THE HOSPITAL THERE IS GOING TO BE NO MORE DELAYS, I'M HOLDING TRIAL. THIS STATEMENT SHOWS BIAS AND VIOLATES THE APPELLANT'S DUE PROCESS AND HIS RIGHT TO A FAIR TRIAL WHICH IS GOVERNED UNDER CRIMINAL RULE 11(C)(2) AND THE 4TH, 5TH, AND 14TH AMENDS. U.S.C.A.
The proper mechanism for challenging a trial judge upon the ground that the trial judge is biased and prejudice is the submission of an affidavit of bias and prejudice to the Chief Justice of the Ohio Supreme Court. See Article IV, Section 5(C) of the Ohio Constitution. For obvious reasons, a criminal defendant cannot ordinarily wait to see what kind of sentence is imposed before deciding whether to challenge a trial judge as being biased and prejudiced.
Vanderpool's Seventh Assignment of Error is overruled.
 IX
Vanderpool's Eighth Assignment of Error is as follows:
 THE PROSECUTOR COMMITED [SIC] MISCONDUCT WHEN HE KNEW THAT THE APPELLANT WAS NOT IN HIS RIGHT FRAME OF MIND AT THE TIME OF THE ALLEGED CRIMES TOOK PLACE. AND PRESENTED FALSE EVIDENCE TO THE GRAND JURY OF A STATEMENT TAKEN BY THE POLICE OFFICER WHO INVESTIGATED THE CASE WITHOUT COUNSEL BEING PRESENT. VIOLATED HIS 6TH AMENDMENT, U.S.C.A.
Vanderpool makes two arguments in support of this assignment of error. First, he contends that the prosecutor committed misconduct when he participated in a no-contest plea proceeding knowing that Vanderpool was under the influence of mind-altering drugs. The colloquy quoted in Part II, above, belies this claim. Vanderpool has submitted no evidence beyond his own, self-serving affidavits to support this claim. Secondly, Vanderpool argues that the prosecutor knowingly employed false evidence or testimony to obtain Vanderpool's indictment. Any impropriety in the institution of the charge against Vanderpool was waived when he pled no contest.
At one point in his argument, Vanderpool seems to be arguing that the prosecutor knowingly employed false testimony to obtain a conviction. This would not appear to have been possible, since Vanderpool pled no contest, thereby avoiding a trial.
Vanderpool's Eighth Assignment of Error is overruled.
 X
All of Vanderpool's assignments of error having been overruled, the judgment of the trial court is Affirmed.
GRADY, P.J., and BROGAN J., concur.
Copies mailed to:
Carley J. Ingram
Daniel C. Vanderpool, Sr.
Hon. Barbara P. Gorman