Although I join in the disposition of Johnson's Second and Third Assignments of Error, I would sustain his First Assignment of Error, reverse the denial of his petition for post-conviction relief, and remand for a hearing upon his averment that he was not mentally competent when he tendered his plea and that his attorney was ineffective in allowing him to plead guilty when he was not mentally competent to do so.
The issue of Johnson's mental competence to plead guilty to the charged offense, thereby waiving his constitutional rights, is analytically separate from any defense he might have had to the charge based upon a claim that he was legally insane when the offense was committed. Because the trial judge did not conduct any inquiry into Johnson's mental state at the time Johnson's plea was tendered and accepted, there is nothing in the record to belie Johnson's claim that he was not mentally competent at the time. As I understand State v. Kapper (1983), 5 Ohio St.3d 36, a post-conviction relief petitioner, in order to obtain a hearing upon his petition, is required to produce more than his own self-serving affidavit when his claim is belied by the record. Where, as here, his claim is not belied by the record, the normal rule prevails — the petitioner is entitled to a hearing upon his claim if it has merit in the sense that, if proven, the petitioner would be entitled to relief. Of course, even in that situation, the State can obtain summary judgment, without a hearing, it can submit unrebutted evidence establishing that there is no genuine issue of material fact and that the State is entitled to judgment as a matter of law.
I base my construction of Kapper, supra, upon the following paragraph from that opinion, in which the holding of the court is expressly set forth:
 We find this rationale persuasive. Accordingly, we hold that a petition for post-conviction relief is subject to dismissal without a hearing when the record, including the dialogue conducted between the court and the defendant pursuant to Crim.R. 11, indicates that the petitioner is not entitled to relief and that the petitioner failed to submit evidentiary documents containing sufficient operative facts to demonstrate that the guilty plea was coerced or induced by false promises.
Id., at 38. (Emphasis added.)
Because the Supreme Court, in Kapper, expressed these two requirements for dismissal in the conjunctive, I conclude that a petitioner is not required to submit more than his own, self-serving affidavit unless his claim is affirmatively belied by the record.
I would sustain Johnson's First Assignment of Error, reverse the dismissal of his petition, and remand this cause for a hearing upon his petition.
Hon. John R. Milligan, Retired from the Court of Appeals, Fifth Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio.
Hon. Mary Cacioppo, Retired from the Court of Appeals, Ninth Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio
Copies mailed to:
William D. Hoffman
Olleck Johnson
Hon. Richard J. O'Neill
William D. Hoffman, Clark County Prosecutor.
Olleck Johnson, No. 287-145
Hon. Richard J. O'Neill