[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In December 1998, defendant-appellant, Lawrence Dangerfield, pleaded guilty to and was convicted of felonious assault, failure to comply, and driving under the influence. Dangerfield did not appeal the judgment of conviction, but he did file a petition for postconviction relief. On July 6, 1999, the trial court denied the petition by way of a judgment entry containing findings of fact and conclusions of law, and Dangerfield appealed. We decline to reverse that judgment.
The doctrine of res judicata bars claims raised in a postconviction petition that could have been raised in a direct appeal. See State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 104. Six assignments of error raised by Dangerfield involve claims that could have been raised on direct appeal. Therefore, those claims are barred, and assignments of error two through seven are overruled.
In his remaining assignment of error, Dangerfield alleges that he was denied effective assistance of counsel, because counsel made representations to Dangerfield that induced his plea. This assertion is unsupported by "evidentiary documents containing sufficient operative facts to demonstrate that the guilty plea was coerced or induced by false promises." State v.Kapper (1983), 5 Ohio St.3d 36, 448 N.E.2d 823. Thus, the first assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
HILDEBRANDT, P.J., SUNDERMANN and WINKLER, JJ.
To the Clerk:
Enter upon the Journal of the Court on February 9, 2000
per order of the Court.
Presiding Judge