OPINION
Appellant Daylon Thomas appeals the decision of the Stark County Court of Common Pleas that denied his motion to withdraw his guilty plea. The following facts give rise to this appeal.
In April 1996, the Stark County Grand Jury indicted appellant for aggravated murder with a death penalty specification, attempted aggravated murder with a firearm specification and illegal possession of a firearm in a liquor premise. The charges were the result of a shooting that occurred at a local bar. One man died from the injuries he suffered in the shooting. Appellant entered pleas of not guilty to the charges.
However, prior to the commencement of trial, appellant opted to change his plea pursuant to the terms of a negotiated plea agreement with Appellee State of Ohio. On August 26, 1996, pursuant to the agreement, and following a Crim.R. 11 hearing, the trial court accepted appellant's guilty plea and sentenced him accordingly.
On December 21, 1999, appellant filed a notice of delayed appeal. We granted appellant's motion.[1] On December 23, 1999, appellant filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1. Appellant argued in his motion that counsel coerced him into making the guilty plea. On January 7, 2000, the trial court overruled appellant's motion to withdraw his guilty plea, without a hearing, on the basis that the motion was not timely in that appellant sought to withdraw his guilty plea three years after entering it. The trial court also denied the motion on the basis that appellant failed to submit any evidentiary documents to demonstrate a manifest injustice.
Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEAS WITHOUT AN EVIDENTIARY HEARING WHEN HE SUBMITTED INFORMATION THAT DEHORS THE RECORD, IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS UNDER THE U.S. CONSTITUTION AND DUE COURSE OF LAW UNDER THE OHIO CONSTITUTION.
 I
In his sole assignment of error, appellant contends the trial court should have conducted an evidentiary hearing prior to overruling his motion to withdraw his guilty plea. We disagree.
Crim.R. 32.1 addresses motions to withdraw guilty pleas and provides as follows:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
In support of his argument, appellant cites the case of Statev. Bristow (Sept. 6, 1996), Richland App. No. 95 CA 67-2, unreported. In Bristow, we relied on an earlier decision of this court, State v. Watkins (Aug. 24, 1995), Richland App. No. 94 CA 20, unreported, in concluding that defendant was entitled to an evidentiary hearing on his motion to withdraw his guilty plea. InWatkins, we stated that a hearing, under Crim.R. 32.1, is not mandated but implied. Id. at 4. We further held that because the motion was based on matters outside the record, the only way the matters could be presented to the trial court, to determine manifest injustice, was to conduct an evidentiary hearing. Id. at 5.
Appellant argues that because his motion to withdraw his guilty plea is based on matters outside the record, he also is entitled to an evidentiary hearing. Recently, we re-visited this issue and held:
 * * * the request for a hearing to withdraw a guilty plea after sentencing is similar to a request for a hearing on a petition for post-conviction relief. A defendant seeking post- conviction relief is entitled to a hearing when there are substantive grounds for relief that would warrant a hearing based upon the petition, supporting affidavits and the files and records in the case. [Citation omitted.] * * *. The party moving to withdraw the guilty plea must support the allegations contained in the motion with affidavits and/or the record. State v. Collins (May 24, 1999), Delaware App. No. 98-CAC-02-011, unreported, at 2.
Recently, in State v. Thompson (Apr. 10, 2000), Stark App. No. 2000CA00026, unreported, we addressed the issue of coercion in a motion to withdraw a guilty plea and held:
 [a]ppellant argues his trial counsel `mislead him and even threatened him and coerced his pleas, and gave advice that was not within a reasonable range of competence required of attorney in criminal proceedings.' See Appellant's Brief at 23-24. As for the `coercion' argument, appellant has produced nothing to substantiate this claim but for his own self- serving statements. Said statements are insufficient to rebut the record that establishes appellant's plea was voluntary and made in compliance with Crim.R. 11. See, State v. Kapper (1983), 5 Ohio St.3d 36; State v. Collins (May 24, 2000), Delaware App. No. 98-CAC-02-011, unreported; State v. Cosavage (June 28, 1995), Summit App. No. 17074, unreported. Id. at 3.
The record indicates that appellant did not file supporting affidavits or cite to the record to substantiate his claim of coercion. Thus, we conclude the trial court did not err when it denied appellant's request for an evidentiary hearing on his motion to withdraw his guilty plea.
Appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, J., Gwin, P.J., and
Hoffman, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
[1] This appeal, Case No. 1999CA00398, is currently pending before the court.