[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellant Clifford Gaither, Jr., appeals the trial court's denial of his petition for postconviction relief brought under R.C. 2953.21. Gaither pleaded guilty to possession of crack cocaine in violation of R.C. 2925.11(A) and an accompanying major-drug-offender specification. He received an eight-year prison sentence.
He filed a motion to vacate his plea. In his motion, Gaither argued that he was coerced into pleading guilty, that trial counsel did no preparation for his defense, and that he had no choice but to plead guilty. In support, Gaither submitted his own affidavit in which he stated that: (1) his trial counsel failed to interview any witnesses or otherwise prepare for his defense; (2) he has maintained his innocence; (3) he pleaded guilty after determining trial counsel had failed to prepare his defense and had told him continuously that if he pleaded guilty, he would receive probation; and (4) he would not have entered the guilty plea if he had known that his counsel could not promise probation. Thus, Gaither claims his plea was coerced because he was promised probation and because his counsel was not prepared.
The trial court denied Gaither's motion to vacate his plea. Gaither appealed that judgment. On appeal, this court reversed the judgment because we concluded that "the substance and timing of [Gaither's] motion made it a petition for postconviction relief * * *."[1] We remanded the case to the trial court to make findings of fact and conclusion of law. Citing to State v. Calhoun,[2] we instructed the trial court that "the findings and conclusions must be sufficiently comprehensive, be pertinent to the claims presented, demonstrate the basis for the court's decision, and be supported by the record."[3]
The state filed a motion for findings of fact and conclusions of law, with a proposed entry attached. The trial court's entry reflected that proposed by the state.
On appeal, Gaither raises the following two assignments of error: (1) the trial court's findings of fact and conclusions of law are insufficient, and (2) the trial court committed prejudicial error by denying his petition without first holding an evidentiary hearing.
In his first assignment, Gaither argues that the trial court failed to state why his affidavit was incredible. We agree. The trial court stated in its conclusions of law that Gaither "failed to supply sufficient evidentiary documentation outside of what is provided in the existing record, to support his claim." As this court has explained, State v.Calhoun determined that "a trial court in a postconviction proceeding has the discretion to judge an affidavit's credibility in determining whether to accept its truthfulness. In assessing credibility, the trial court should consider relevant factors. Further, [a] trial court that discountsthe credibility of sworn affidavits should include an explanation of itsbasis for doing so in its findings of fact and conclusions of law, inorder that meaningful appellate review may occur."[4] Assuming that the court found Gaither's affidavit incredible, it failed to give its reasons for that conclusion.
The record does not contain a transcript of Gaither's plea hearing nor does the trial court specifically state in its preamble to its findings of fact and conclusions of law that it reviewed such a transcript. It states that it reviewed the record in this case. The record does not contain a transcript of the plea hearing nor the colloquoy required under Crim.R. 11. (An assistant prosecutor in his memorandum to Gaither's original motion to vacate his plea stated that he had reviewed the court reporter's record of the plea proceeding, but the transcript was not made part of the record.)
Generally, in a case challenging the voluntariness of a defendant's plea, the "record reflecting compliance with Crim.R. 11 has greater probative value than the contradictory affidavits."[5] In this case, we have only the signed written entry containing Gaither's guilty plea. While that document indicates that the offense to which he pleaded guilty carried a mandatory two-year prison term, we are unpersuaded that the written agreement among the prosecutor, the defendant, and defendant's counsel, standing alone, necessarily has a greater
probative value than Gaither's affidavit claiming coercion. Crim.R. 11 requires that the trial court personally address the defendant to ensure his plea is entered voluntarily. Thus, under the specific facts of this case, we cannot conclude that the trial court properly gave due deference to Gaither's affidavit filed in support of his petition. We sustain Gaither's first assignment.
While a claim of a coerced plea bargain agreement may be dismissed without a hearing where the record indicates compliance with Crim.R. 11 and the defendant's supporting documents recant the defendant's prior statements made on the record, we cannot agree that dismissal without an evidentiary hearing was proper in this case. Thus, we reverse the dismissal of Gaither's petition for postconviction relief and remand this case to the trial court for an evidentiary hearing on the petition.
Therefore, the judgment of the trial court is reversed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Winkler, JJ.
[1] See State v. Gaither (Dec. 1, 2000), Hamilton App. No. C-000205, unreported.
[2] See State v. Calhoun (1999), 86 Ohio St.3d 279, 291-292,714 N.E.2d 905, 916.
[3] See State v. Gaither, supra.
[4] See State v. Jones (Dec. 29, 2000), Hamilton App. No. C-990813, unreported, quoting State v. Calhoun at 285, 714 N.E.2d at 911-912
(emphasis added).
[5] See State v. Calhoun at 289, 714 N.E.2d at 914, citing State v.Kapper (1983), 5 Ohio St.3d 36, 38, 448 N.E.2d 823-825-826.