JOURNAL ENTRY AND OPINION
This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
Walter Manning appeals, pro se from a decision of the Common Pleas Court denying his petition to vacate or set aside the sentence arising from his convictions for aggravated murder, attempted murder and aggravated robbery. Mr. Manning complains on appeal he did not make a knowing, intelligent or voluntary plea, and the trial court failed to conduct a hearing in connection with his claim for post-conviction relief. After careful review, we affirm the judgment of the trial court.
The scant record reveals that on October 28, 1991, a Grand Jury indicted Mr. Manning in Case No. CR-273651 for two counts of aggravated murder in violation of R.C. 2903.01 with mass murder, felony murder and firearms specifications, three counts of attempted murder in violation of R.C. 2903.02/2923.02 with firearm specifications and one count of aggravated robbery with a firearm specification in violation of R.C.2911.01.
On April 22, 1992, he pled guilty to count one, aggravated murder, count two, attempted murder, and count six, aggravated robbery, without any specifications. The court sentenced Mr. Manning to twenty years to life on count one, seven to twenty-five years on count two and three years on count six to run consecutively.
Mr. Manning did not file a direct appeal. On September 17, 1996, he filed a petition to vacate or set aside the sentence, which the trial court denied. On June 7, 1999, Mr. Manning filed a delayed appeal, which this court denied. Thereafter, Mr. Manning filed a motion for findings of fact and conclusions of law relating to his motion to vacate or set aside the sentence. On January 10, 2001, the court filed its findings of fact and conclusions of law, explaining it found no substantial grounds for post-conviction relief. The court exercised its discretion in determining that the supporting affidavit, provided by Mr. Manning's brother, lacked credibility as it did not demonstrate that Mr. Manning would be entitled to a hearing. In addition, the court found that res judicata barred any claims that Mr. Manning could have asserted on direct appeal. Mr. Manning appeals from this decision and raises one assignment of error, which states as follows:
 I. THE TRIAL COURT PREJUDICIALLY ERRED IN FAILING TO CONDUCT AN EVIDENTIARY HEARING ON THE APPELLANT'S CLAIM THAT HIS GUILTY PLEA WAS UNKNOWINGLY, UNINTELLIGENTLY, AND INVOLUNTARILY ENTERED, WHERE APPELLANT ALLEGED FACTS OUTSIDE THE RECORD WHICH IF PROVEN WOULD HAVE ENTITLED HIM TO RELIEF.
Mr. Manning contends that the court improperly denied his petition to vacate or set aside the judgment because he offered evidence dehors the record that induced him to plead guilty. The State maintains that the court properly denied Mr. Manning's petition because it is barred by res judicata, the supporting affidavit lacks credibility, and Mr. Manning produced no evidence of ineffective assistance of counsel or that would establish anything other than that Mr. Manning entered the plea knowingly, intelligently and voluntarily. Mr. Manning does not contest that res judicata bars any part of his petition that could have been raised in his direct appeal. Hence, we confine our review to the balance of the trial court's findings and conclusions concerning the evidence that Mr. Manning offered dehors the record, that consists solely of the supporting affidavit from his brother.
Post-conviction review itself is not a constitutional right. State v. Calhoun (1999), 86 Ohio St.3d 279, 281. Accordingly, a petitioner receives no more rights than those granted by the statute. Id. Ohio's Post-Conviction Remedy Act is found in R.C. 2953.21, The version of R.C.2953.21 that is applicable here, states in part:
 (A)(1) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
In State v. Kapper (1983), 5 Ohio St.3d 36, the court confronted the denial of a hearing in a post-conviction relief case and stated:
 * * * [W]e hold that a petition for post-conviction relief is subject to dismissal without a hearing when the record, * * * indicates that the petitioner is not entitled to relief and that the petitioner failed to submit evidentiary documents containing sufficient operative facts to demonstrate that the guilty plea was coerced or induced by false promises.
Under the statute, a criminal defendant who petitions for post-conviction relief is not automatically entitled to a hearing. In State v. Calhoun (1999), 86 Ohio St.3d 279, the court stated in its syllabus:
 1. In reviewing a petition for postconviction relief filed pursuant to R.C. 2953.21, a trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge the credibility of the affidavits in determining whether to accept the affidavits as true statements of fact.
 2. Pursuant to R.C. 2953.21(C), a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief.
The court in Calhoun further itemized a list of factors that the trial court may consider in assessing the credibility of affidavit testimony, including, but not limited to, the following: whether the affidavits contain or rely on hearsay; whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts; and whether the affidavits contradict evidence proffered by the defense at trial. Calhoun,86 Ohio St.3d at 285. A determination that an affidavit lacks credibility can be justified by the existence of just one of these factors. Id.
In this case, the trial court exercised its discretion when it found that the petition failed to establish substantive grounds for relief. To reach this conclusion, the trial court necessarily determined that the supporting affidavit lacked credibility. The affidavit relies entirely upon hearsay and it was supplied by Mr. Manning's brother. Either of these factors suffice to justify a denial of post-conviction relief. Calhoun, supra.
While Mr. Manning contends that he did not enter the plea knowingly, intelligently or voluntarily, the submitted evidence does not support this contention. A close examination of Mr. Manning's petition reveals that he is not claiming to have misunderstood the nature of his charges or the effect that his guilty plea could have had upon his potential sentence under the law. Instead, Mr. Manning contends that he entered the plea in reliance upon representations made to him by his brother. The only evidence Mr. Manning submitted in this regard consists entirely of the hearsay statements contained within his brother's affidavit.
Mr. Manning presents no evidence dehors the record or from the record to support the asserted ineffective assistance of counsel claim. Likewise, there is no evidence that anyone coerced Mr. Manning into entering this plea. Under these circumstances, the court properly exercised its discretion when it found no substantial grounds for post-conviction relief and the sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.