OPINION
{¶ 1} Danny M. Williams appeals from a judgment of the Clark County Court of Common Pleas, which denied him an evidentiary hearing on his petition for postconviction relief and denied the petition.
 {¶ 2} On July 2, 2002, Williams was charged by bill of information of one count of voluntary manslaughter, a first degree felony, and one count of tampering with evidence, a third degree felony, arising out of the slaying of his uncle, Joe Gaines. At a plea hearing on the same day, Williams waived his right to an indictment and to twenty-four hour service of the bill of information, and he entered a negotiated plea of guilty to the charges. Under the plea agreement, Williams agreed to the maximum ten year sentence on the manslaughter charge and the maximum five year sentence on the tampering with evidence charge, to run consecutively. In exchange for the plea, the state dismissed another case against Williams, which involved murder charges arising out of the same incident as the present case. The court accepted the guilty plea and sentenced Williams accordingly.
 {¶ 3} On January 27, 2003, Williams filed a motion for delayed appeal, which we granted. His appointed counsel filed anAnders brief, and we informed Williams of his right to file a pro se brief within sixty days. No such brief was filed. On September 19, 2003, we affirmed the judgment of the trial court.State v. Williams, Clark App. No. 2003 CA 3, 2003-Ohio-5718.
 {¶ 4} On September 2, 2003, Williams filed a petition for post-conviction relief in the trial court. Williams claimed that he was denied the effective assistance of counsel when he was told to plead to the tampering with evidence charge. He argues that he did not knowingly, intelligently and voluntarily agree to that charge due to anti-depressant medication that he was taking. Although Williams acknowledged that the right to an indictment may be waived, he claimed that the prosecutor should have sought an indictment for tampering with evidence rather than charging him by bill of information. In addition, he claims that he did not knowingly and voluntarily waive his right to an indictment. Williams further argues that "he was not in the right frame of mind" to accept the maximum sentences for both voluntary manslaughter and tampering with evidence. Williams did not challenge his plea to the manslaughter charge. Williams requested an evidentiary hearing on his petition. On October 22, 2003, the trial court denied the petition without an evidentiary hearing.
 {¶ 5} Williams raises one assignment of error on appeal.
 {¶ 6} "The trial court erred to the prejudice of the defendant-appellant by failing to properly consider defendant-appellant's petition to vacate conviction or sentence. (post-conviction)."
 {¶ 7} In his sole assignment of error, Williams reiterates his claims that he was denied the effective assistance of counsel. Citing his history of mental illness and use of anti-depressant medication, he challenges the validity of his waiver of the indictment and of his plea to the tampering with evidence charge and the maximum sentences.
 {¶ 8} "Petitions for post-conviction relief are governed by R.C. 2953.21. A proceeding under this statute is not an appeal, but is instead a collateral civil attack on the judgment. [Statev.] Calhoun [(1999), 86 Ohio St.3d 279, 714 N.E.2d 905]. Thus, petitioners receive only those rights granted by the statute. Id. Under its provisions, any convicted individual may file a petition in the sentencing court and ask it to vacate or set aside its sentence, based upon an alleged constitutional violation. R.C. 2953.21. The statute makes clear, however, that not every petition requires a hearing. Id. For instance, `a petition for post-conviction relief is subject to dismissal without a hearing when the record, including the dialogue conducted between the court and the defendant pursuant to Crim.R. 11, indicates that the petitioner is not entitled to relief and that the petitioner failed to submit evidentiary documents containing sufficient operative facts to demonstrate that the guilty plea was coerced or induced by false promises.' State v.Kapper (1983), 5 Ohio St.3d 36, 38, 448 N.E.2d 823. A court will examine the post-conviction relief petition, any supporting affidavits, documentary evidence, and all records and files relating to the proceedings against the petitioner to determine if the petitioner has met this burden. R.C. 2953.21. If the petitioner fails to put forth sufficient substantive evidence demonstrating that he is entitled to relief, then the trial court is not required to hold an evidentiary hearing on the petition and may properly deny the petition. Calhoun, supra." Statev. Boyd, Montgomery App. No. 18873, 2002-Ohio-1189.
 {¶ 9} In the present case, the plea transcript demonstrates that the trial court fully complied with Crim.R. 11. The court meticulously informed Williams of his right to an indictment, of the charges alleged in the bill of information and the maximum sentences available for each, and of the various rights which he would be waiving if he entered the negotiated plea of guilty. The court further inquired if he wished to plead guilty, if he had read the plea agreement and discussed it with his attorney, and if he was satisfied with the representation of his attorney. Williams expressed his understanding and indicated that he wished to waive the indictment and to proceed with the guilty plea, responding "Yes" or "Yes, sir" to most of the questions asked by the court. There is no objective indication that Williams was impaired by his anti-depressant medication or otherwise during the plea hearing and "did not have a full understanding of what was going on in the courtroom."
 {¶ 10} Moreover, we find no evidence in the record that Williams' counsel rendered ineffective assistance, based on the imposition of maximum sentences and Williams' plea to tampering with evidence. Although Williams agreed to the maximum sentences for voluntarily manslaughter and tampering with evidence, the state dismissed the two counts of murder with which he had been charged, in the alternative, in case number 02-CR-71. Furthermore, although Williams states in his affidavit that he thought that his sentence was based on the "murder" charge, he recognized that he had agreed to a fifteen year sentence.
 {¶ 11} Williams has presented only his self-serving affidavit in support of his petition. Such evidence, standing alone, is insufficient to rebut the record showing both understanding of the proceedings and effective assistance of counsel. See Statev. Ivy (Nov. 29, 1995), Montgomery App. No. 15029; Kapper,5 Ohio St.3d at 38-39 (the court properly denied an evidentiary hearing when "the record indicates that appellant was not entitled to relief and that he failed to submit evidentiary documents apart from the bare allegations contained in his complaint.").
 {¶ 12} The assignment of error is overruled.
 {¶ 13} The judgment of the trial court will be affirmed.
Fain, P.J. and Young, J., concur.