OPINION
{¶ 1} Defendant-Appellant Richard Gifford appeals from his conviction and sentence for Aggravated Robbery. He argues that the trial court abused its discretion in denying his post-sentence motion to withdraw his plea and that his trial counsel was ineffective for causing him to enter that plea. We disagree with both claims.
 I {¶ 2} One morning in January, 2001, Darke County Sheriff's Deputies responded to a report of an armed robbery at the Greenville National Bank. At the bank the deputies reviewed a videotape of the robbery, and they received information that the robber was Jeffrey Gifford. Further investigation revealed that Jeffrey Gifford had been released from prison the previous month, after serving a sentence for robbery. Jeffrey was living with his father, Richard Gifford, the appellant herein, and his father's girlfriend, Susan Wilson, who was at work at the time of the robbery. She told police that both Giffords had disappeared with her truck and that Richard was familiar with the bank because he had cashed checks there in the past.
 {¶ 3} Police arrested Jeffrey Gifford seven weeks after the robbery. He admitted committing the robbery and that he had used a handgun. He also stated that his father had been planning the robbery since Jeffrey's release from prison. Although Jeffrey was reluctant to participate, his father assured him that he was familiar with the bank and even took Jeffrey there to show him the layout. On the morning of the robbery, Richard dropped Jeffrey off one block from the bank and served as Jeffrey's getaway driver after the robbery. The two stole approximately $59,000 from the bank.
 {¶ 4} Richard Gifford was indicted for Aggravated Robbery, with a Firearm Specification. He was arrested in Kentucky and returned to Darke County in June, 2001. The previous month Jeffrey pled guilty to an identical charge and was sentenced to ten years imprisonment. In April, 2003, Gifford pled guilty to the Aggravated Robbery charge, and the gun specification was dismissed. The trial court sentenced him to five years imprisonment. Nearly one year later Gifford filed a motion to vacate his sentence, which the trial court overruled. This appeal followed.[1]
 II {¶ 5} Gifford's first assignment of error:
 {¶ 6} "The trial court abused its discretion in denying Defendant's postconviction motion to vacate or set aside his sentence when there was evidence that his plea agreement was not made knowingly or voluntarily due to his medical condition and the effects of pain medication he had taken hours before the proceeding. A violation of his right to due process of law and equal protection of the law under the United States Constitution and the Ohio State Constitution."
 {¶ 7} The primary thrust of Gifford's appeal is that he was so affected by his medications that he could not have entered a knowing or voluntary plea and that the trial court therefore abused its discretion in overruling his motion to withdraw his plea. We are not persuaded that the record supports this contention.
 {¶ 8} A defendant who files a post-sentence motion to withdraw his guilty plea bears the burden of establishing manifest injustice. Crim.R. 32.1; State v. Harris, Montgomery App. No. 19013, 2002-Ohio-2278, at § 7, citing State v. Smith (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph one of the syllabus. Consideration of "[t]he motion is `addressed to the sound discretion' of the trial court." Harris, at § 7, citing Smith, at paragraph two of the syllabus. Thus, an appellate court reviews the trial court's decision under an abuse-of-discretion standard. Harris, at § 7, citing State v. Adams (1980), 62 Ohio St.2d 151,157, 404 N.E.2d 144. An abuse of discretion means "that the court's attitude is unreasonable, arbitrary or unconscionable." Id.
 {¶ 9} Gifford maintains that his plea was neither knowing nor voluntary, because he was in such a drugged state "that he would have agreed to anything." However, Gifford failed to provide the trial court with an affidavit or any other evidentiary material to indicate that he was mentally incompetent to enter his plea. Where the record belies a defendant's claim, he is not entitled to a hearing on his motion absent some evidence besides his own self-serving affidavit. State v. Kapper
(1983), 5 Ohio St.3d 36, 448 N.E.2d 823. Here, Gifford did not even offer his own affidavit, let alone any other evidence.
 {¶ 10} The record shows that Gifford was afforded a full and proper Crim.R. 11 hearing at the time of his plea. At that time he affirmatively stated that he had no mental handicaps or conditions and that he understood the nature of the plea agreement and the potential sentence that he faced. He understood that the gun specification was being dropped and that he was agreeing to a middle-range term of five years imprisonment. Gifford also said that he was satisfied with counsel's representation and that he was not coerced or forced to enter the pleas.
 {¶ 11} The court was well aware of Gifford's ill health during the course of the proceedings before it. For that reason, on the day of the hearing the court confirmed with both Gifford and his physician that Gifford's health had stabilized and that he was in much better health than he had been in for the previous few months. Gifford's communication with the court on that day illustrates his understanding of the proceedings. In fact, Gifford had the presence of mind to convince the trial court to postpone sending him from the county jail to the state prison for a few weeks in order to allow time for his brother, who was ill, to visit from Kentucky. Furthermore, when the State mis-stated Gifford's record of imprisonment in other states, Gifford corrected errors in the information, showing that he was paying close attention to the proceedings.
 {¶ 12} At the close of the Crim.R. 11 colloquy, the trial court concluded that Gifford's plea was knowingly and voluntarily entered. We agree.
 {¶ 13} Gifford has failed to demonstrate a manifest injustice, and the trial court did not abuse its discretion in denying his post-sentence motion to withdraw his guilty plea. Accordingly, Gifford's first assignment of error is overruled.
 III {¶ 14} Gifford's second assignment of error:
 {¶ 15} "Appellant's trial counsel was ineffective to the prejudice of Appellant by coercing him to enter into a plea agreement in spite of full knowledge of Appellant's deteriorated state of mind and inability to think rationally due to suffering from an infection to the brain and prescribed pain medication for such illness. This is a violation to Appellant's Sixth Amendment right to effective assistance of counsel under the United States Constitution and corresponding provisions of the Ohio State Constitution."
 {¶ 16} In his second assignment of error, Gifford argues that his trial counsel was ineffective because counsel forced him to enter a plea when he was medically unable to understand and agree to the plea.
 {¶ 17} In order to prevail on a claim of ineffective assistance of counsel, the defendant must show both deficient performance and resulting prejudice. Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. To show deficiency, the defendant must show that counsel's representation fell below an objective standard of reasonableness. Id. Trial counsel is entitled to a strong presumption that counsel's conduct falls within the wide range of effective assistance. Id.
 {¶ 18} Gifford claims that his trial counsel was ineffective because he effectively forced Gifford to enter a plea that he did not want to enter. To the contrary, as detailed above, the trial court conducted a thorough Crim.R. 11 colloquy, which rebuts this claim. There is no evidence either that Gifford was too impaired to understand the plea agreement or that he did not willingly enter into that agreement. Moreover, although Gifford faced a maximum sentence of thirteen years, counsel helped to negotiate a plea agreement that dismissed the firearm specification, with its three-year, mandatory sentence, and included an agreed sentence of only five years.
 {¶ 19} Gifford fails to demonstrate any ineffectiveness on the part of his trial counsel. Therefore, Gifford's second assignment of error is overruled.
 IV {¶ 20} Both of Gifford's assignments of error having been overruled, the judgment of the trial court is affirmed.
 a. . . . . . . . . . . . . .
Wolff and Grady, JJ., concur.
[1] This Court agreed, by entry dated June 23, 2004, to allow Gifford's second assignment of error as a delayed appeal.