DECISION AND JUDGMENT ENTRY
This appeal comes to us from a judgment issued by the Huron County Count of Common Pleas denying appellant's petition for postconviction relief. Because we conclude that the trial court properly denied appellant a hearing on his claim of ineffective assistance of counsel, we affirm.
On January 9, 1998, appellant, Paul Weidinger, was indicted on two counts of gross sexual imposition, which were violations of R.C. 2907.05(A)(4), felonies of the third degree. Appellant was also indicted on one count of attempted rape, in violation of R.C. 2907.02(A)(1)(b), and a felony of the second degree. The charges alleged that appellant had improper sexual contact with two grand nieces who were less than thirteen years of age on or about November 22, 1977.
On June 17, 1998, appellant pled no contest to one count of attempted rape in violation of R.C. 2907.02(A)(1)(b) and2923.02, and one count of attempted gross sexual imposition in violation of R.C. 2907.05(A)(4) and 2923.02. The second gross sexual imposition count was dismissed as was a second indictment in a different case.
Before accepting the plea, the trial court addressed appellant personally as required by Crim.R. 11. The trial court defined the constitutional rights appellant would waive by entering a no contest plea, which included the right to trial and the right to confront witnesses. The trial court explained the potential sentences that could be imposed. The trial court informed appellant that while he was eligible for community control, there was no preference for community control. The court explained that on the third count of attempted rape, there was a presumption of prison. After appellant entered his no contest pleas, appellee, state of Ohio, presented its version of the facts that would have been demonstrated during a trial.
On July 24, 1998, the trial court sentenced appellant to serve eight years in prison on the attempted rape conviction and eight months in prison on the attempted gross sexual imposition conviction. The trial court ordered appellant to serve the sentences consecutively. Appellant's appeal challenging whether he was sentenced properly and whether he entered his no contest plea knowingly was rejected. State v. Weidinger (June 30, 1999), Huron App. No. H-98-035, unreported. While his appeal was pending, appellant filed a petition for postconviction relief claiming ineffective assistance of counsel. Although appellant admitted to molesting the grand nieces' mothers when they were of comparable age, appellant denied that he admitted molesting his two grand nieces. Instead, he stated that he was working and not near the grand nieces on the date of the alleged incidents, November 22, 1998. Appellant also contended that the charges were brought in retaliation for his refusal to provide further financial assistance to the grand nieces' families.
Appellant claimed that his attorney on several occasions promised to hire a private investigator for the purpose of confirming his alibi claim and the motivations behind the allegations. Because the attorney did not investigate potential defenses, appellant asserted that his attorney was not prepared to try the case on the day scheduled for trial, June 17, 1998. As a result, appellant claimed he was coerced into entering his no contest plea because his attorney advised him that if he went to trial, he would lose and spend his life in prison. According to appellant, his attorney advised him that if he agreed to a plea bargain, he would not receive any jail time because of his age, health, and lack of a prior record. Consequently, he was forced to enter a no contest plea according to the terms of the negotiated plea arrangement.
Appellant supported his petition with his own affidavit together with affidavits from his wife and employer. His wife's affidavit incorporated a statement of legal services from his attorney. The affidavit from his employer incorporated a time sheet showing appellant had worked on November 22, 1997.
The trial court denied appellant's petition without a hearing. The trial court determined that appellant had not set forth substantive grounds for relief on the issue of adequate representation to require a hearing. In particular, the trial court observed that appellant had knowingly, intelligently, and voluntarily entered a plea of no contest whereby he admitted the truth of the facts alleged in the indictment. The trial court rejected appellant's claim that he was pressured into entering a plea because his attorney was unprepared. The trial court observed that appellant did not complain about his attorney's performance when asked if he was satisfied with the representation during the Rule 11 plea hearing.
Appellant now raises the following sole assignment of error on appeal:
 "I. THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S PETITION FOR POST CONVICTION RELIEF WITHOUT CONDUCTING AN EVIDENTIARY HEARING."
R.C. 2953.21 allows persons convicted of criminal offenses after trial or after entering a guilty or no contest plea to challenge their convictions as void or voidable under the Ohio Constitution or the Constitution of the United States. Statev. Calhoun (1999), 86 Ohio St.3d 279, 283. A criminal defendant seeking to challenge his conviction through postconviction relief is not automatically entitled to a hearing. Id. at 282 (citation omitted). "In the interest of judicial economy and efficiency, * * * it is not unreasonable to require the defendant to show in his petition for postconviction relief that such errors resulted in prejudice before a hearing is scheduled." Id. at 283 (citation omitted).
"Matters outside the record that allegedly corrupted the defendant's choice to enter a plea of guilty or no contest so as to render the plea less than knowing and voluntary are proper grounds for an R.C. 2953.21 petition for post-conviction relief."State v. Hartzell (Aug. 20, 1999) Montgomery App. No. 17499, unreported. To secure a hearing, the petitioner must submit evidentiary documents containing sufficient operative facts to demonstrate the nature of his constitutional claim, which in this case, is ineffective assistance of counsel. To succeed on such a claim, the defendant must first show that counsel's performance was deficient. State v. Xie (1992), 62 Ohio St.3d 521, 524. Then, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty.Id.
Thus, the issue on appeal is not whether appellant received prejudicial ineffective assistance of counsel, but whether the trial court should have granted a hearing to determine those issues. Here the trial court relied on appellant's responses during the Crim.R. 11 plea hearing in determining that appellant was not entitled to a hearing.
Compliance with the guidelines of Crim.R. 11 as evidenced in the record is sufficient to warrant dismissal of a petition for postconviction relief without an evidentiary hearing unlessthe record, which shows that the plea is voluntary, iscontradicted by more than the self-serving affidavit of thepetitioner. State v. Kapper (1983), 5 Ohio St.3d 36, 38 quotingState v. Jackson (1980), 64 Ohio St.2d 107 (emphasis added).
The Supreme Court of Ohio recently clarified that a trial court does not need to assume that the allegations of any affidavits in support of a postconviction petition are true. Calhoun,86 Ohio St.3d 279. The Supreme Count emphasized that if the trial judge is familiar with the underlying proceedings, the judge is in the best position to observe the defendant, and has the discretion to assess the credibility of the affidavits. Id.
at 286 (citation omitted). The Supreme Court held:
 [A] trial court should give due deference to affidavits sworn to under oath which are filed in support of the [postconviction] petition, but may in the sound exercise of discretion, judge their credibility to determine whether to accept the affidavits as true * * *. Id. at 283.
The court defined five nonexclusive criteria that may be used to assess that credibility:
 "* * * (1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petition, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial. Moreover, a trial court may find sworn testimony in an affidavit to be contracted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony.
 "Depending on the entire record, one or more of these or other factors may be sufficient to justify the conclusion that an affidavit asserting information outside the record lacks credibility. Such a decision should be within the discretion of the trial court." Id.
at 285, citing State v. Moore (1994), 99 Ohio App.3d 748, at 754-756.[1]
Here, the judge who denied appellant's postconviction petition presided at appellant's plea and sentencing hearings. To the extent the affidavits from appellant and his wife contain nearly identical language and appear to have been drafted by the same person, the affidavits have diminished credibility. Similarly, appellant's wife has a significant interest in the success of the postconviction efforts, which minimizes the credibility of her affidavits.
More importantly, the affidavits contradict matters on the record. In this case, appellant specifically indicated to the court that he was satisfied with the advice he received from his attorney and, additionally, his attorney's competence.[2]
Presumably, that advice included the suggestion that he enter the plea agreement rather than face possible guilty verdicts on all counts and presumably a lengthier sentence. Consequently, in our view, the trial court did not abuse its discretion in refusing to entertain appellant's petition.
Accordingly, appellant's sole assignment of error is found not well-taken.
The judgment of the Huron County Court of Common Pleas is affirmed. Costs are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., James R. Sherck, J.,Mark L. Pietrykowski, J., CONCUR.
[1] The Supreme Court also cautioned that when a trial court discounts the credibility of sworn affidavits, it should include an explanation of its basis for doing so in its findings of fact and conclusions of law, in order that meaningful appellate review may occur.
[2] The Crim.R. 11 dialogue was as follows:
 "THE COURT: Okay. Have you had an opportunity to discuss this case with your attorney?
"THE DEFENDANT: Yes, sir.
 "THE COURT: And have you disclosed to him the facts as you understand them to be?
"THE DEFENDANT: You mean what I thought?
"THE COURT: Your view of the facts?
"THE DEFENDANT: Yes. Yes, sir.
 "THE COURT: And has he shared with you the information that he's obtained from the State?
"THE DEFENDANT: Yes.
 "THE COURT: And has he discussed with you the law as it relates to these charges against you and any possible defenses that you would have to these charges?
"THE DEFENDANT: Yes, sir.
 "THE COURT: Okay, are you satisfied with your attorney's advice?
"THE DEFENDANT: Yes, sir.
 "THE COURT: Are you satisfied with his competence, that he knows what's he's doing?
"THE DEFENDANT: Yes, sir. * * *"