OPINION
On December 20, 1991, the Stark County Grand Jury indicted appellant, Jason Bernard Thompson, on two counts of aggravated murder with death specifications in violation of R.C. 2903.01(A) and (B), two counts of complicity to commit aggravated murder with death specifications in violation of R.C. 2923.03(A), two counts of aggravated robbery in violation of R.C. 2911.01(A) and one count of kidnapping in violation of R.C. 2905.01. Each count carried a firearm specification. Pursuant to a negotiated plea agreement, appellant pled guilty as charged on June 15, 1992. In exchange for the guilty pleas, appellant was promised the sentences as outlined in the agreement, sentences other than death. By judgment entry filed June 18, 1992, the trial court sentenced appellant to a total aggregate term of life imprisonment with parole eligibility after sixty full years, consecutive with a total aggregate indeterminate term of thirty to seventy-five years. These sentences were ordered to be served after fifteen years of actual incarceration for the firearm specifications. On July 10, 1992, appellant filed a direct appeal. This court upheld the convictions but modified appellant's sentence regarding the firearm specifications, thereby reducing appellant's actual incarceration by nine years. See, State v. Thompson (April 12, 1993), Stark App. No. CA-9063, unreported. Thereafter, appellant filed a motion pursuant to State v. Murnahan (1992), 63 Ohio St.3d 60. This court rejected appellant's claim of ineffective assistance of appellate counsel and upheld the convictions. See, State v. Thompson (December 27, 1993), Stark App. No. CA-9063, unreported. On August 6, 1999, appellant filed a motion to vacate void sentences and void judgments. On August 13, 1999, appellant filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1. By judgment entry filed December 17, 1999, the trial court denied both motions. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I
APPELLANT'S CONVICTIONS WERE RENDERED BY A TRIBUNAL LACKING JURISDICTION TO CONVICT AND SENTENCE HIM: THEY VIOLATE THE UNITED STATES CONSTITUTION, FOURTEENTH AMENDMENT DUE PROCESS CLAUSE AND THE OHIO CONSTITUTION, ARTICLE I, SECTION 16, IN THAT THE TRIAL COURT FAILED TO COMPLY WITH THE MANDATORY PROVISIONS OF R.C. §2945.06 AND CRIMINAL RULE 11(C)(3), RENDERING THE JUDGMENT OF THE TRIAL COURT VOID.
 II
THE TRIAL COURT'S IMPOSITION OF SENTENCES OF THIRTY FULL YEARS IMPRISONMENT BEFORE ELIGIBILITY FOR PAROLE FOR AGGRAVATED MURDER IS IN EXCESS OF THE COURT'S JURISDICTION AND ARE THEREFORE VOID.
 III
APPELLANT'S GUILTY PLEA WAS NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY ENTERED IN THAT THE TRIAL COURT FAILED TO INFORM APPELLANT OF HIS RIGHT TO HAVE THE REQUIREMENTS OF CRIM.R. 11(C)(3) GOVERNING CAPITAL CASES FULLY COMPLIED WITH, AND APPELLANT DID NOT WAIVE HIS RIGHT TO HAVE SUCH REQUIREMENTS COMPLIED WITH.
 IV
APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN ENTERING HIS GUILTY PLEAS TO AGGRAVATED MURDER WITH DEATH PENALTY SPECIFICATIONS WHERE COUNSEL FAILED TO ADEQUATELY ADVICE (SIC) APPELLANT AND COUNSEL COERCED THE GUILTY PLEAS BY THREATS RENDERING THE PLEAS INVOLUNTARY, IN VIOLATION OF HIS RIGHTS PROTECTED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 I, II, III
In these assignments of error, appellant claims the trial court erred in denying his motion to vacate void judgments and void sentences, erred in sentencing him to life imprisonment with parole eligibility after thirty years and erred in denying his motion to withdraw his guilty plea pursuant to Crim.R. 32.1. We disagree. All of these assignments center around the argument that the trial court lacked jurisdiction to sentence appellant because only a three-judge panel had the authority to sentence him due to the death specifications. In support, appellant cites Crim.R. 11(C)(3) and R.C. 2945.06. Crim.R. 11(C)(3) states in pertinent part as follows: ***If the indictment contains one or more specifications which are not dismissed upon acceptance of a plea of guilty or no contest to both the charge and one or more specifications are accepted, a court composed of three judges shall: (a) determine whether the offense was aggravated murder or a lesser offense; and (b) if the offense is determined to have been a lesser offense, impose sentence accordingly; or (c) if the offense is determined to have been aggravated murder, proceed as provided by law to determine the presence or absence of the specified aggravating circumstances and of mitigating circumstances, and impose sentence accordingly.
R.C. 2945.06 states "[i]f the accused pleads guilty of aggravated murder, a court composed of three judges shall examine the witnesses, determine whether the accused is guilty of aggravated murder or any other offense, and pronounce sentence accordingly." In the case sub judice, appellant pled guilty to the charges pursuant to a negotiated plea agreement which precluded the imposition of a death sentence. Crim.R. 11(C)(3) requires a three judge panel only when the imposition of the death penalty is still an option upon acceptance of a guilty plea. State v. Griffin (1992), 73 Ohio App.3d 546; State v. Rash (March 27, 1995), Stark App. No. 94-CA-223, unreported. R.C.2945.06 requires a three judge panel only when an accused, charged with a capital offense, waives his/her right to a jury trial and elects to be tried by the court. Id. Upon review, we find the trial court had jurisdiction to sentence appellant. The trial court did not err in denying appellant's motion to vacate void judgments and void sentences, did not err in sentencing appellant to life imprisonment with parole eligibility after thirty years and did not err in denying his motion to withdraw his guilty plea pursuant to Crim.R. 32.1. Assignments of Error I, II and III are denied.
 IV
Appellant claims he was denied the effective assistance of counsel. We disagree. Appellant argues his trial counsel "mislead him and even threatened him and coerced his pleas, and gave advice that was not within a reasonable range of competence required of attorney in criminal proceedings." See, Appellant's Brief at 23-24. Appellant's entire claim rests upon trial counsel's failure to advise him of his right to a three judge panel. Based upon our decision supra, that appellant was not entitled to a three judge panel, we find counsel could not have advised appellant of a right that did not exist. As for the "coercion" argument, appellant has produced nothing to substantiate this claim but for his own self-serving statements. Said statements are insufficient to rebut the record that establishes appellant's plea was voluntary and made in compliance with Crim.R. 11. See, State v. Kapper (1983), 5 Ohio St.3d 36; State v. Collins (May 24, 1999), Delaware App. No. 98-CAC-02-011, unreported; State v. Cosavage (June 28, 1995), Summit App. No. 17074, unreported. Upon review, we find no evidence of ineffective assistance of counsel. Assignment of Error IV is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
 ________________ FARMER, J.
By Farmer, J. Hoffman, P.J. and Edwards, J. concur.