DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Lucas County Court of Common Pleas wherein appellant William Thomas' petition for postconviction relief was denied. Appellant sets forth the following assignment of error:
 "THE COURT COMMITTED PREJUDICIAL ERROR BY DENYING DEFENDANT/APPELLANT'S MOTION FOR EVIDENTIARY HEARING CONTAINED IN HIS PETITION FOR POST-CONVICTION RELIEF."
In his petition, appellant argued that he did not knowingly, voluntarily or intelligently waive his right to a jury trial. Appellant now contends that the trial court erred in denying him an evidentiary hearing on the issue of his jury trial waiver.
R.C. 2953.211 provides for petitions to vacate or set aside sentence, also known as petitions for postconviction relief, and states in pertinent part:
 "(A) Any person convicted of a criminal offense or adjudged delinquent claiming that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, may file a petition at any time in the court which imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file such supporting affidavit and other documentary evidence as will support his claim for relief.
" * * *
 "(C) Before granting a hearing, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. Such court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal."
It is well established that res judicata is a proper ground upon which to dismiss, without hearing, a R.C. 2953.21 petition. State v. Perry
(1967), 10 Ohio St.2d 175. See, also, State v. Cole (1982),2 Ohio St.3d 112. Specifically, the court in Perry, supra, held at paragraph nine of the syllabus:
 "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." (Emphasis in the original.)
In addition, the doctrine of res judicata is applicable to constitutional issues raised in a petition for postconviction relief.
 "Constitutional issues cannot be considered in postconviction proceedings under Section 2953.21 et seq., Revised Code, where they have already been or could have been fully litigated by the prisoner while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment, and thus have been adjudicated against him." Id., at paragraph seven of the syllabus.
Accordingly, to avoid a finding of res judicata, a petitioner must submit evidentiary documents containing sufficient operable facts outside the record to demonstrate that he is entitled to relief. State v.Kapper (1983), 5 Ohio St.3d 36, 38, certiorari denied (1983), 464 U.S. 856,78 L.Ed.2d 157, 104 S.Ct. 174. In other words, the petitioner bears the initial burden of showing that the issue could not have been determined without resort to evidence outside the record on direct appeal, Cole,supra, at 114, and the petitioner is entitled to a hearing only if the allegations outside the record are not rebutted by the record of the original criminal prosecution. R.C. 2953.21(E).
In the present case, appellant submitted no evidence outside the record to support his petition. Moreover, appellant raised this same issue on his direct appeal. State v. Thomas (June 30, 1999), Lucas App. No. L-96-020, unreported. Accordingly, appellant's sole assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ____________________________ Melvin L. Resnick, J.
JUDGE
 Richard W. Knepper, J., Mark L. Pietrykowski, P.J., CONCUR.