[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On September 1, 1999, defendant-appellant Michael Kelly pleaded guilty to two counts of attempted rape under two different case numbers, and the remaining counts and specifications were dismissed.[1] Kelly was sentenced to seven years on both counts, to be served consecutively. On direct appeal, Kelly raised four assignments of error, relating to: (1) the imposition of consecutive sentences; (2) his sentence, which was not anticipated by a plea agreement; (3) the imposition of consecutive sentences that exceeded the maximum sentence for the most serious crime for which he was convicted; and (4) the imposition of more than the minimum sentence. In addressing that appeal, we overruled the second and fourth assignments of error relating to the plea agreement and the imposition of more than the minimum sentence, and sustained the first and third assignments of error relating to the imposition of consecutive sentences.[2] On February 21, 2001, we vacated his sentence, insofar as it related it to the imposition of consecutive sentences, and remanded it to the trial court for correction.
On April 7, 2000, while his direct appeal was pending, Kelly filed apro se postconviction petition. In his motion, Kelly sought to vacate his guilty plea. He attached his own affidavit in support of his motion, stating that the prosecutor and his counsel had breached a plea agreement; that his attorney misrepresented him by failing to file the proper motions to make the plea agreement valid; and that he was coerced into entering a guilty plea. In his affidavit, he also attempted to file an ineffectiveness-of-counsel motion. The trial court denied the petition, finding that Kelly had failed to attach documentation to his petition in support of his claim alleging a breached plea agreement. Kelly now appeals that decision, alleging that the trial court erred in sentencing him to a term not anticipated by the plea agreement, and that he was denied effective trial counsel. Because this is not a direct appeal, we construe Kelly's appeal to be a challenge of the trial court's dismissal of his petition without a hearing. Accordingly, we address the assignments together.
Pursuant to R.C. 2953.21, the trial court must grant an evidentiary hearing where a petitioner files a motion for postconviction relief, unless it determines that there are no substantive grounds for relief. To determine whether there are substantive grounds for relief, the court must consider the petition, affidavits, files and records of the original proceedings, the record of the clerk of the court, and the court reporter's transcript.[3]
In his first assignment, Kelly maintains that the trial court erred in sentencing him in contravention of a plea agreement. In a proceeding for postconviction relief, the petitioner bears the initial burden of providing evidence containing sufficient to demonstrate that the guilty plea was coerced or induced by false promises.[4] A petition for postconviction relief may be dismissed without an evidentiary hearing when the record, including the dialogue between the defendant and the court pursuant to Crim.R. 11, indicates that the petitioner is not entitled to relief, and the petitioner fails to demonstrate substantive grounds for relief exist.[5] Evidence outside the record, in the form of a petitioner's own self-serving declarations alleging a constitutional deprivation, is not sufficient to compel a hearing.[6]
In support of his petition, Kelly provided his own self-serving declarations in support of the alleged constitutional deprivation. This alone does not constitute sufficient evidentiary material outside the record demonstrating a constitutional violation. The plea agreement is not included in the record or attached to Kelly's petition, and the record demonstrates that Kelly knowingly and voluntarily waived his constitutional trial rights. Under these circumstances, we conclude that the trial court properly dismissed his claim without a hearing.
In his second assignment of error, Kelly argues that he was denied his constitutional right to effective trial counsel. He predicates this argument on his belief that trial counsel did not properly ascertain his competency at trial. Kelly, however, did not advance this claim in his petition to the trial court. And, even if we were to construe Kelly's postconviction petition as having raised this claim, his petition does not contain sufficient evidentiary documents outside the record to demonstrate that counsel was not competent or that he was prejudiced by counsel's ineffectiveness.[7]
As a result, we overrule Kelly's assignments of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Hildebrandt and Sundermann, JJ.
[1] The case numbered B-9901965 involved his daughter and the case numbered B-9900270 involved his niece.
[2] See State v. Kelly (Feb. 21, 2001), Hamilton App. No. C-990796, unreported.
[3] See. R.C. 2953.21(C).
[4] See State v. Kapper (1983), 5 Ohio St.3d 36, 38-39, 448 N.E.2d 823,826.
[5] See id.
[6] See id.
[7] See State v. Jackson (1980), 64 Ohio St.2d 107, 413 N.E.2d 819, syllabus.