DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Huron County Court of Common Pleas which denied defendant-appellant Dwight Booth's petition for postconviction relief.
On August 14, 1998, following a jury trial, appellant was found guilty of one count each of criminal trespassing, in violation of R.C. 2911.21; rape, in violation of R.C. 2907.02(A)(1)(c) and/or (A)(2); kidnaping, in violation of R.C. 2905.01(A)(2); robbery, in violation of R.C.2911.02(A)(2); burglary, in violation of R.C. 2911.12(A)(1); and disturbing public services, in violation of R.C. 2909.04(A)(1) and/or (3). The jury returned not guilty verdicts as to breaking and entering, two counts of robbery, three counts of burglary, two counts of kidnaping, two counts of gross sexual imposition, and disrupting public services.
On October 5, 1998, appellant was sentenced to an imprisonment term of thirty days for the criminal trespassing conviction to run concurrently with a nine year prison term for rape, seven years each for robbery and burglary, and a one year prison term for disrupting public services. All sentences, excluding the criminal trespassing conviction, were to be served consecutively for a total of twenty four years of incarceration. Appellant's conviction and sentence was affirmed by this court, see Statev. Booth (Aug. 4, 2000), Huron App. No. H-98-047, unreported.
On November 22, 1999, during the pendency of the above-cited appeal, appellant filed a motion for postconviction relief pursuant to R.C.2953.21. Appellant argued ineffective assistance of trial counsel based upon counsel's failure to object to certain trial testimony. Appellant also claimed that the trial court erroneously denied his motion to suppress evidence gained as the result of a search and his motion for acquittal.
Following this court's August 4, 2000 decision on appellant's direct appeal, the state filed a motion to dismiss appellant's postconviction petition based upon the doctrine of res judicata. The trial court granted the state's motion and dismissed the petition on February 8, 2001. This appeal timely followed.
Appellant now asserts the following assignment of error:
 "1. THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S PETITION FOR POST CONVICTION RELIEF WITHOUT CONDUCTING AN EVIDENTIARY HEARING."
R.C. 2953.21 provides for petitions for postconviction relief, and states in pertinent part:
 "(A)(1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
"* * *.
 "(C) The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending. Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. The court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal."
A petition for postconviction relief may be dismissed without an evidentiary hearing when the record reveals that the petitioner is not entitled to relief and that the petitioner failed to submit evidentiary documents, outside the record, containing sufficient operative facts to demonstrate that substantive grounds for relief exist. State v. Kapper
(1983), 5 Ohio St.3d 36, 38. Moreover, res judicata is a proper basis for which to dismiss, without a hearing, a R.C. 2953.21 petition. Statev. Perry (1967), 10 Ohio St.2d 175. Specifically, the Perry court held at paragraph nine of the syllabus:
 "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." (Emphasis in the original.)
In addition, the doctrine of res judicata applies to constitutional issues which have or could have been raised previously. Id. at paragraph seven of the syllabus. This includes claims of ineffective assistance of counsel. State v. Cole (1982), 2 Ohio St.3d 112, syllabus.
In the present case, appellant has submitted no evidence outside the record in support of his petition. Moreover, appellant has raised the same issues we denied on direct appeal. Accordingly, appellant's sole assignment of error is not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Huron County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
Melvin L. Resnick, J., James R. Sherck, J. Mark L. Pietrykowski, P.J., CONCUR.