[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellant David Ferrier appeals the denial of his motion to vacate his sentence for possession of drug paraphernalia. Ferrier's sentence was based on his plea of no contest, but Ferrier now claims that prosecutorial misconduct and ineffective assistance of counsel should have invalidated his plea. We affirm.
{¶ 3} David Ferrier was charged by the city of Wyoming, Hamilton County with possession of marijuana and possession of drug paraphernalia, stemming from an incident on April 3, 2001. At Ferrier's request, the case was transferred to Hamilton County Municipal Court. On August 29, 2001, Ferrier pleaded no contest to the drug-paraphernalia charge, and the state dismissed the drug-possession charge. The court sentenced Ferrier to thirty days' incarceration, but suspended that term and ordered one year of probation, a $200 fine, and frequent drug testing. The court also ordered that the state destroy the evidence, specifically, a marijuana pipe.
{¶ 4} On September 5, 2001, Ferrier filed a motion moved to vacate the plea and sentence under Crim R. 32.1. On September 12, the court denied the motion, because Ferrier did not appear at the hearing. Ferrier filed a second motion to vacate the plea and sentence, which the court again denied atin a hearing on October 2, 2001. Ferrier filed a third motion, which was denied by the court on March 14, 2002.
{¶ 5} At both the second and third hearings on the motions to vacate, Ferrier argued that immediately before his plea in August, outside of Ferrier's presence, Ferrier's attorney and the prosecuting attorney had a conversation about plea arrangements. In this conversation, Ferrier claimed, the prosecutor made up a story that Ferrier had disrupted a hearing in the Mayor's Court of Wyoming by lying on the floor. Ferrier claimed that Smith did not tell him about this conversation with the prosecutor, and that the conversation blackmailed Smith into changing the plea that Ferrier had agreed to with Smith. Ferrier claimed that he had agreed with Smith to plead no contest to drug possession and to dispute the drug-paraphernalia charge, but that, as a result of the conversation between the two attorneys, the reverse was done, meaning that Ferrier pleaded no contest to the drug-paraphernalia charge while the state dismissed the drug-possession charge.
{¶ 6} (A casual reader, possessing curiosity and common sense, might wonder why Ferrier would have wanted to plead guilty to the possession of drugs, which would seem more serious than the possession of paraphernalia. But the legislature, in its wisdom, has made the possession of a marijuana pipe a much more serious offense than the possession of marijuana itself.[1] In fact, the possession of a small amount of marijuana is not a jailable offense, but possession of a pipe can land one in jail for 30 days.[2])
{¶ 7} Despite Ferrier's arguments at the second and third motion hearings that his plea should be invalidated and that he should be granted a new trial, the court denied both motions. The court based its denials on Ferrier's absence at the hearing for the first motion to vacate, which had caused delay and contributed to the likelihood that the evidence would have been destroyed. The trial court reasoned that to grant either of Ferrier's motions would cause unfairness for the state, as it would be required to try the case without the evidence.
{¶ 8} Ferrier timely appeals the denial of the third motion, as demonstrated by the copy of the trial court's journal entry of March 14, 2002, that Ferrier has attached to his brief, as required by Amended Local Rule 10(B) and Local Rule 12 of this court. He presents three assignments of error. Ferrier claims that his attorney erred by not informing him of false statements made by the prosecutor, that the prosecutor erred by making false statements to Ferrier's attorney, and that the trial court erred by denying Ferrier a new trial. We discuss the assignments of error together.
{¶ 9} Ferrier made his motion moved to vacate his plea under Crim R. 32.1, which states that "to correct manifest injustice[,] the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The Ohio Supreme Court has noted that a post-sentence withdrawal motion is allowable only in extraordinary cases.[3] The reason for this is to insure the proper administration of justice by avoiding the possibility of a defendant pleading guilty to test the weight of potential punishment.[4]
{¶ 10} The burden of establishing the existence of manifest injustice was on Ferrier.[5] In reviewing the trial court's ruling on Ferrier's motion, we apply an abuse-of-discretion standard.[6] An abuse of discretion occurs if the trial court's decision is unreasonable, arbitrary, or unconscionable.[7] A decision is unreasonable if it is unsupported by a sound reasoning process.[8]
{¶ 11} All of Ferrier's assignments of error raise issues concerning matters that are not part of the record before us. The conversation that Ferrier alleges took place between his attorney and the prosecutor is not part of the record, nor is Ferrier's prior agreement with his attorney that the attorney allegedly changed because of the conversation. The burden was on Ferrier to have offered evidence in the trial court that supported his allegations that the prosecutor made false statements and that the statements induced Ferrier's attorney to change Ferrier's plea. There is no evidence in the record before us that any statements were made or that they affected his case in any way. Our review is restricted to the record provided by Ferrier to this court.[9]
Therefore, Ferrier has failed to demonstrate on appeal that he sustained his burden to demonstrate manifest injustice. The trial court's denial of Ferrier's motion was not unreasonable and was not an abuse of discretion.
{¶ 12} Even if we do not treat Ferrier's appeal as one taken from the denial of a Crim R. 32.1 post-sentence motion, but as one taken from the denial of post-conviction relief under R.C. 2953.21, it still fails. Before granting a hearing on a petition filed under R.C. 2953.21, the trial court must determine if there are substantive grounds for relief.[10] If the pleadings, files, and records show there are no substantive grounds for relief, the petition should be denied.[11] The Ohio Supreme Court has held that a petitioner who claims that the record is not an accurate portrayal of the facts of his or her plea must submit evidentiary documentation to support that contention.[12]
{¶ 13} Ferrier offered no evidentiary documents to support the bare allegations made in the hearings before the trial court. Ferrier did not carry his initial burden in the trial court, and therefore, under R.C. 2953.21, the court could not have erred in denying his motion.
{¶ 14} For the foregoing reasons, the judgment of the trial court is affirmed. Further, a certified copy of this Judgment Entry shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Winkler, JJ.
[1] R.C. 2925.14(F)(1), 2925.11(C)(3), and 2929.21.
[2] Id.
[3] See State v. Smith (1977), 49 Ohio St.2d 261, 264,361 N.E.2d 1324.
[4] Id.
[5] Id.
[6] See State v. Xie (1992), 62 Ohio St.3d 521, 526, 584 N.E.2d 715.
[7] See Steiner v. Custer (1940), 137 Ohio St. 448, 31 N.E.2d 855, paragraph two of the syllabus.
[8] See AAAA Enterprises Inc. v. River Place Community UrbanRedevelopment Corp. (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597.
[9] App.R. 9 and App.R. 12(A)(1)(b).
[10] R.C. 2953.21(C).
[11] Id.
[12] See State v. Kapper (1983), 5 Ohio St.3d 36, 38,448 N.E.2d 823.