JOURNAL ENTRY AND OPINION
This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
Plaintiff-appellant Curtis Freed appeals pro se from the denial of his motions for postconviction relief. For the reasons that follow, we affirm.
This appeal constitutes appellant's eighth proceeding filed in this Court relating to his conviction and sentence in CR-408021. In the instant appeal, appellant asserts a myriad of assignments of error essentially maintaining that the trial court's denial of his postconviction relief motions was in error on the following grounds: (1) the trial court abused its discretion; (2) prosecutorial misconduct; and (3) ineffective assistance of counsel. In support of these claims, appellant relies on various affidavits sworn by the alleged victim, who is also appellant's longtime girlfriend/common-law wife and mother of his children.
According to the record, police responded to calls for help on November 28, 2000 from the victim. At that time, the victim appeared very scared and crying and told police that appellant ran at her from a place of hiding and took her keys and ordered her into the vehicle. The victim yelled for help as appellant dragged her to the car, however, she was able to escape by entering the car of a passing female stranger. The victim called police and told them that appellant had her vehicle with her purse inside. The officers reported that the victim appeared muddy and wet. The victim's story was corroborated by an eyewitness.
The victim also told police she believed appellant would have killed her if she gotten into the car. The police recovered the car at the victim's father's residence unoccupied, undamaged, with the keys in the car, and nothing missing from either the car or the victim's purse.
On June 5, 2001, appellant was indicted for robbery, kidnaping, and intimidation. In September 2001, appellant pled guilty to a reduced charge of abduction, and in exchange, all remaining charges were dismissed. Appellant failed to appear for sentencing and a warrant was issued for his arrest on November 16, 2001. Appellant was not arrested until almost a year later on September 19, 2002. Shortly thereafter, appellant filed a motion to withdraw his guilty plea based upon an affidavit sworn to by the victim on September 30, 2002. Therein, the victim avers, inter alia, that appellant did not kidnap her, that the "charges on [appellant] were not and are not accurate" and that she wanted them dropped. The affidavit, however, does not recant or deny any of the statements she previously made to the police on the date of the incident, which are contained in the police reports.
According to appellant's own court filings, the victim testified at his sentencing hearing and denied the validity of the charges in open court. On October 23, 2002, appellant withdrew his motion to withdraw his guilty plea and was sentenced to three years in prison. Apparently, appellant was also facing a probation violation in another case at the time of his sentence in this matter. On October 30, 2002, appellant filed his first motion for post-conviction relief with the trial court. The appellant filed numerous amendments to that petition.
Appellant filed a notice of appeal in November 2002, which was dismissed due to appellant's failure to file the record. Ultimately, the trial court denied appellant's petitions, as follows:
"Petitions and motions for postconviction relief and motion for summary judgment for postconviction relief are denied. Evidence submitted to the Court as `newly discovered evidence' was known at the time of the plea. Further, defendant was advised at the plea that he would be considered for community control sanctions unless he got into further criminal trouble or failed to appear for sentencing. Defendant failed to appear for presentence interview and sentencing and a capias was issued on November 16, 2001; he was arrested September 19, 2002 and sentenced October 23, 2002." (R. 49).
Appellant challenges that ruling in several assignments and sub-assignments of error, which all relate to the propriety of the court's denial of his postconviction relief petitions/motions without a hearing, as follows:
"I. The trial court abused its discretion in dismissing postconviction relief petition without a hearing stating reason being was that evidence that defendant submitted as newly discovered evidence was known at the time of plea when it was clear that it was not.
"I(B). The trial court abused its discretion in dismissing appellant's amendment to his postconviction relief that was filed on December 3, 2002. That was filed before the answer or motion from the prosecution.
"I(C). The trial court abused its discretion when it never acquired jurisdiction over subject matter.
"II. Prosecutorial misconduct by not disclosing to the defense or the trial court that he had an interview and or conversation with the alleged victim in the crime about five to ten days before he went to the Grand Jury at which time she stated that the appellant did not commit the charges against her and that it was the Euclid Police (S. Meyer #88) who put these false charges on appellant.
"II(B). Prosecutorial misconduct by giving or allowing false testimony to the Grand Jury to obtain an indictment of kidnaping, robbery, and intimidation.
"III. The appellant's guilty plea was invalid and unknowingly made where he received ineffective assistance of counsel before, and during his plea proceedings in violation of his Sixth and Fourteenth Amendment rights under the Ohio and United States Constitution."
Appellant contends that the court improperly denied his petitions because he offered evidence dehors the record that induced him to plead guilty. The State maintains that the court properly denied appellant's petition because it: is barred by res judicata; the supporting affidavit lacks credibility; and because appellant produced no evidence of ineffective assistance of counsel or that would establish anything other than that appellant entered the plea knowingly, intelligently, and voluntarily. Appellant does not contest that res judicata bars any part of his petitions that could have been raised in his direct appeal. Hence, we confine our review to the evidence that appellant offered dehors the record, that consists solely of the supporting affidavits from his long-time girlfriend/common-law wife, who is the mother of two of his children.
Post-conviction review itself is not a constitutional right. State v.Calhoun (1999), 86 Ohio St.3d 279, 281. Accordingly, a petitioner receives no more rights than those granted by the statute. Id. Ohio's Post-Conviction Remedy Act is found in R.C. 2953.21. The version of R.C.2953.21 that is applicable here, states in part:
"(A)(1) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief."
In State v. Kapper (1983), 5 Ohio St.3d 36, the court confronted the denial of a hearing in a post-conviction relief case and stated: "* * * We hold that a petition for post-conviction relief is subject to dismissal without a hearing when the record, * * * indicates that the petitioner is not entitled to relief and that the petitioner failed to submit evidentiary documents containing sufficient operative facts to demonstrate that the guilty plea was coerced or induced by false promises."
Under the statute, a criminal defendant who petitions for post-conviction relief is not automatically entitled to a hearing. InState v. Calhoun (1999), 86 Ohio St.3d 279, the court stated in its syllabus: "In reviewing a petition for post-conviction relief filed pursuant to R.C. 2953.21, a trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge the credibility of the affidavits in determining whether to accept the affidavits as true statements of fact."
Pursuant to R.C. 2953.21(C), a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief.
The court in Calhoun further itemized a list of factors that the trial court may consider in assessing the credibility of affidavit testimony, including, but not limited to, the following: whether the affidavits contain or rely on hearsay; whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts; and whether the affidavits contradict evidence proffered by the defense at trial. Calhoun, 86 Ohio St.3d at 285. A determination that an affidavit lacks credibility can be justified by the existence of just one of these factors. Id.
In this case, appellant relies entirely upon the victim's affidavits, which purport to deny the occurrence of a kidnaping and a desire to have the charges dropped in part due to the hardship appellant's incarceration places upon the family. The trial court exercised its discretion when it found that the petition failed to establish substantive grounds for relief in that the evidence was not newly discovered. Furthermore, the affidavits were supplied by appellant's common-law wife, who is the mother of two of his children, which is a factor suggesting a lack of credibility. Calhoun, supra. To that end, we note that the affidavits do not negate the statements the victim made at the time of the incident nor the police investigation that led to the charges in this case. Moreover, the record contains evidence of an independent eyewitness corroborating the victim's statements to the police. The facts of the affidavit were, in fact, known to him at the time he withdrew his motion to withdraw the plea on October 23, 2002. Indeed, his motion to withdraw the plea had one of the affidavits attached. Thus, any claim of prosecutorial misconduct or ineffective assistance of counsel based upon the victim's affidavit testimony likewise fails. While appellant contends that he did not enter the plea knowingly, intelligently, or voluntarily, the submitted evidence does not support this contention. A close examination of appellant's petition reveals that he is not claiming to have misunderstood the nature of his charges or the effect that his guilty plea could have had upon his potential sentence under the law. Instead, appellant contends that he entered the plea without knowledge of the victim's affidavit testimony. As set forth above, this is insufficient.
In the alternative, appellant circuitously argues that his plea was involuntary based upon the ineffective assistance of counsel provided at his sentencing hearing. Appellant failed to provide sufficient evidence to support this claim as well. Appellant first claims counsel was ineffective for failing to obtain the victim's affidavit from his prior attorney, which claim fails for the reasons set forth previously herein. Next, appellant complains his counsel was ineffective because he alleges that she promised him a specific sentence, which was less than what the court actually imposed. However, this alleged promise did not occur until the October 23, 2002 sentencing.
Appellant argues that he would not have withdrawn his motion to withdraw his previous guilty plea but for this promise. Although appellant withdrew his motion to withdraw his previous guilty plea at his sentencing hearing, that motion was premised upon the appellant's alleged ignorance of the victim's affidavit testimony at the time he originally entered the plea. For that reason, the purported promise by appellant's attorney on October 23, 2002 could not have induced his original plea and cannot serve in retrospect as a reason for vacating same. Appellant presents no evidence to support the asserted ineffective assistance of counsel claim. Likewise, there is no evidence that anyone coerced appellant into entering this plea in September 2001.
Lastly, we address appellant's contentions that the State improperly withheld evidence favorable to his defense. The State maintains that the evidence was not exculpatory in nature but instead was only probative of the victim's credibility and would not likely have changed the outcome of the proceeding.
The prosecution's failure to disclose evidence favorable to the accused upon request constitutes a violation of the Fourteenth Amendment's due process guarantee of a fair trial when "the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady v. Maryland (1963), 373 U.S. 83, 87; State v.Jackson (1991), 57 Ohio St.3d 29; State v. Johnston (1988),39 Ohio St.3d 48.
In determining whether the prosecution improperly withheld evidence favorable to the accused, such evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A `reasonable probability' is a probability sufficient to undermine confidence in the outcome." United States v. Bagley (1985), 473 U.S. 667,682, 87 L.Ed.2d 481, 105 S.Ct. 3375; Johnston, supra, at paragraph five of the syllabus; State v. Wickline (1990), 50 Ohio St.3d 114. The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, is not sufficient. State v. Hughes (Nov. 4, 1993), Cuyahoga App. No. 62884, citing United States v. Agurs (1976), 427 U.S. 97, 109-10.
While we find that the prosecutor should have disclosed any statements made by the victim, if such existed, the alleged failure to disclose same would not have affected the outcome in this case. We reach this conclusion based upon the irrefutable fact that appellant knew about this very information at the time of his sentencing and before he withdrew his motion to withdraw the guilty plea that was, in fact, based on this information. Moreover, appellant's own court filings admit that the victim placed this testimony on the record at appellant's sentencing hearing.
Under these circumstances, the court properly exercised its discretion when it found no substantial grounds for post-conviction relief and all of the assignments of error are overruled.
Judgment affirmed.
Anthony O. Calabrese, Jr., J., Concurs, Colleen Conway Cooney, J.,Concurs in judgment only.