DECISION AND JUDGMENT ENTRY
{¶ 1} Anthony W. Hicks appeals the Highland County Common Pleas Court's dismissal of his petition for postconviction relief under R.C. 2953.21. Hicks raises four assignments of error. First, Hicks contends that the trial court erred when it determined it lacked jurisdiction to consider his petition for postconviction relief. Second, Hicks contends that the trial court erred when it failed to issue mandatory findings of fact and conclusions of law before dismissing his petition. Third, Hicks contends that the trial judge was biased against the petitioner because the petition itself contained allegations that accused the judge of bias. Fourth, Hicks contends that the trial judge and the prosecutor entered into improper ex parte communications. *Page 2 
 {¶ 2} Because the trial court had jurisdiction to hear the petition, notwithstanding the pendency of the direct appeal, we reverse the judgment of the trial court and remand this cause for further proceedings consistent with this opinion.
 I. {¶ 3} The facts of this case were adequately set out in this Court's disposition of Hicks's direct appeal. State v. Hicks, Highland App. No. 07CA7, 2008-Ohio-964, ¶¶ 2-11.
 {¶ 4} A jury convicted Hicks of unlawful sexual conduct with a minor on May 04, 2007. On May 7, the Court of Common Pleas for Highland County entered judgment against him, and sentenced him to a definite determinate term of confinement for one year. The court later amended this judgment to credit time served by Hicks while awaiting trial. Hicks appealed his conviction to this Court.
 {¶ 5} While Hicks's appeal was pending in this Court, he had a separate petition for postconviction relief pending in the trial court. However, the trial court dismissed his petition. The court stated that it did not have jurisdiction to consider the petition because Hicks's direct appeal was still pending before this Court. This Court then entered final judgment on Hicks's direct appeal in an opinion and judgment entry filed on February 28, 2008. Id. at ¶¶ 20-21.
 {¶ 6} Hicks now appeals the trial court's judgment dismissing his petition for postconviction relief and asserts four assignments of error. However, the original notice of appeal was filed more than thirty days after the trial court entered judgment. However, the time for filing the notice of appeal had not yet expired because the clerk *Page 3 
did not serve Hicks, a pro se litigant, with a copy of the entry denying his petition, and this Court therefore permitted the appeal to proceed.
 II. {¶ 7} Hicks contends in his first assignment of error that the trial court erred in dismissing the petition because the trial court had jurisdiction regardless of whether the direct appeal was still pending. The State of Ohio concedes that "Appellant is correct that a pending [direct] appeal does not bar jurisdiction [of the Court of Common Pleas to hear a matter under R.C. 2953.21.]" State's Brief at 3.
 {¶ 8} The question of whether the trial court has jurisdiction to hear a collateral action despite the pendency of a direct appeal is a question of law. This Court reviews questions of law de novo.Cuyahoga Cty. Bd. of Commrs. v. State, 112 Ohio St.3d 59,2006-Ohio-6499, ¶ 23.
 {¶ 9} Both parties in this case agree that the trial court had jurisdiction over the petition notwithstanding the pending direct appeal. The statute expressly affords the possibility for jurisdiction of a petition under R.C. 2953.21 despite the pendency of a direct appeal in the original action. "Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending." R.C. 2953.21 (E). This provision expressly affords a trial court jurisdiction to consider a meritorious petition notwithstanding the pendency of a direct appeal. Therefore, the trial court erred in dismissing the petition for lack of jurisdiction.
 {¶ 10} However, the State argues that this Court should affirm the lower court because the trial court should have dismissed Hicks's petition because of res judicata *Page 4 
anyway. The State argues, in effect, there are sufficient alternative grounds for the lower court to dismiss the petition for relief. And, therefore, this Court should affirm the lower court's dismissal as a "reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as the basis thereof." Joyce v.General Motors Corp. (1990), 49 Ohio St.3d 93, 96.
 {¶ 11} The State argues that this Court should affirm the dismissal of the trial court because res judicata bars Hicks's petition for postconviction relief. Res judicata does indeed bar a subsequent petition for postconviction relief where the issues could have been brought in the initial direct appeal. State v. Cole (1982),2 Ohio St.3d 112, 113-14. A subsequent claim may not be barred if the claim requires evidence outside of the record. State v. Smith (1985), 17 Ohio St.3d 98,101, fn.1. Nonetheless, a trial court's application of res judicata is justified where "the allegations outside the record upon which appellant relies appear so contrived, when measured against * * * the record * * * as to constitute no credible evidence[.]" Cole at 114. Finally, dismissal without a hearing may be appropriate where a petitioner merely proffers "self-serving declarations or affidavits[, which] are insufficient to rebut the record on review[.]" State v. Kapper (1983),5 Ohio St.3d 36, 38.
 {¶ 12} However, "[a] reviewing court, even though it must conduct its own examination of the record, has a different focus than the trial court. If the trial court does not consider all the evidence before it, an appellate court does not sit as a reviewing court, but, in effect, becomes a trial court." Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 360. Some of Hicks's assignments of error may implicate matters not in the record, and so this Court will decline to rule on the State's alternative *Page 5 
arguments. Instead this Court will remand this case to allow the trial court an opportunity to consider these issues and develop a record. The Court expresses no opinion on the merit of these arguments.
 {¶ 13} Accordingly, we sustain Hicks's first assignment of error.
 III. {¶ 14} Hicks contends in his second assignment of error that the trial court judge erred by failing to make findings of fact and conclusions of law as required by R.C. 2953.21(C). This Court's resolution of the first assignment of error renders this assignment of error moot. See App. R. 12(A)(1)(c).
 {¶ 15} Accordingly, we overrule Hicks's second assignment of error.
 IV. {¶ 16} Hicks contends in his third and fourth assignments of error that the trial
judge was biased. As we explain below, this court is without jurisdiction to consider this argument.
 {¶ 17} Hicks contends in his third assignment of error that the trial court "abused its discretion and caused a conflict in [sic] interest when the same trial judge dismissed a petition that has claims that[sic] against the particular judge." Hicks's Brief at 4. Hicks alleged in his petition for postconviction relief that the trial judge "told trial counsel [the defendant] would loose [sic] the trial; therefore [the defendant] was crazy for going to trial." Petition for Postconviction Relief ¶ 11(b).
 {¶ 18} Hicks contends in his fourth assignment of error that the trial court "and prosecutor violated Appellant's right[sic] when entering intoex parte communication *Page 6 
without all parties or representatives from all parties present and is[sic] collusive in its action." Hicks's Brief at 4.
 {¶ 19} The authority to review and enter orders related to the disqualification of a Court of Common Pleas judge is solely vested in the Chief Justice of the Ohio Supreme Court, and this Court is without authority "to pass upon disqualification or to void the judgment of the trial court upon that basis." Beer v. Griffith (1978),54 Ohio St.2d 440, 441.
 {¶ 20} Accordingly, we overrule Hicks's third and fourth assignments of error.
 V. {¶ 21} In conclusion, we reverse the judgment of the trial court and remand this cause to the trial court for further proceedings consistent with this opinion.
JUDGMENT REVERSED AND CAUSE REMANDED. *Page 7 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED, and this matter BE REMANDED to the trial court for further proceedings consistent with this opinion. Appellee shall pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J. and Abele, J.: Concur in Judgment and Opinion. *Page 1