DeWine, J., dissenting.
{¶ 44} Boiled down to its essence, this case presents a simple question: did Carlos Romero's affidavit entitle him to an evidentiary hearing on his motion to withdraw his pleas? The trial court said no; the court of appeals said yes. We accepted the case, presumably to answer the question.
{¶ 45} But instead of answering the question, the plurality provides an attenuated discussion of the law, then puts the case back to the trial court. What the plurality says is interesting and might even prove marginally useful to the trial court. It would be a lot more useful, though, if the court would simply decide the case in front of it.
{¶ 46} What the trial court really needs to know is whether Romero's submission requires an evidentiary hearing. And what other trial courts in the state need to know is what type of showing is sufficient to require an evidentiary hearing. The best way to assist the trial court and other courts confronted with these kinds of questions is to tell them whether what Romero has submitted is enough-that is, answer the question whether Romero has made a sufficient showing of prejudice to require an evidentiary hearing.
*417 {¶ 47} The plurality resists answering this question, saying that "[t]he credibility and weight of [a] defendant's assertions in support of a motion to withdraw a plea and the decision as to whether to hold a hearing are matters entrusted to the sound discretion of the trial court." Plurality opinion at ¶ 34. But in doing so, it overlooks the threshold requirement that before an evidentiary hearing is required on a motion to withdraw a guilty plea, a defendant must " 'submit evidentiary documents containing sufficient operative facts to demonstrate' " an entitlement to relief. State v. Kapper , 5 Ohio St.3d 36, 38, 448 N.E.2d 823 (1983), quoting State v. Jackson , 64 Ohio St.2d 107, 413 N.E.2d 819 (1980), syllabus; see also State v. Calhoun , 86 Ohio St.3d 279, 714 N.E.2d 905 (1999), paragraph two of the syllabus. In my view, the trial court did not err in denying the motion to withdraw the guilty pleas without a hearing, because even if one were to accept everything that Romero said in his affidavit as true, it does not establish his entitlement to withdraw his pleas.
{¶ 48} Here's what Romero's affidavit says:
• That he is not a United States citizen;
• That he has five children, ages 18, 9, 8, 3, and 1;
• That "when he was arrested, he was not knowledgeable about the criminal justice system or the ramifications of a guilty plea on his immigration status";
• That his attorney never advised him of the immigration consequences of his pleas, "most importantly, that he would be immediately deported";
*480 • That "there was insufficient evidence to convict him of the charges against him, however his attorney at the time advised him that pleading guilty under the circumstances was in his best interest";
• That based on his attorney's advice, he entered guilty pleas;
• That "had he known his guilty pleas would lead to his automatic deportation, he would have been able to provide a defense to the charges brought against him at a trial of the matter";
• That he "did not understand the consequences of his plea until he was detained by ICE and place[d] in removal proceedings."
{¶ 49} To be entitled to an evidentiary hearing, Romero needed to set forth operative facts meeting the two-part Strickland test: that his counsel's performance fell below an objective standard of reasonable representation and that this deficiency prejudiced him. Strickland v. Washington , 466 U.S. 668, 687-688, 692, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under the United States Supreme Court's decision in Padilla v. Kentucky , 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), it seems fairly clear that the affidavit Romero submitted sufficiently alleged that his counsel's representation was deficient to satisfy the first prong of the Strickland test. The more difficult hurdle is the second prong-prejudice.
{¶ 50} To satisfy the prejudice prong, Romero needed to show that but for his counsel's errors, there was a reasonable probability that he would not have pleaded guilty and instead would have insisted on going to trial. Hill v. Lockhart , 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) ; State v. Xie , 62 Ohio St.3d 521, 525, 584 N.E.2d 715 (1992).
{¶ 51} As an initial matter, nowhere does Romero assert in his affidavit that but for his counsel's purported errors, "he would not have pleaded guilty and would have insisted on going to trial." Hill at 59, 106 S.Ct. 366. Rather, he says only that he "would have been able to provide a defense *418 * * * at a trial of the matter." But even if we overlook this defect-concluding, as the plurality seems to, that what Romero said is close enough and that implicit in his affidavit is a suggestion that he would have taken the case to trial had he known more about immigration law-Romero still fails to set forth operative facts meeting the prejudice prong.
{¶ 52} At the change-of-plea hearing, the trial court warned Romero that pleading guilty "may have the consequence of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." When asked if he understood, Romero replied, "Yes, ma'am." The court continued, "And with that in mind, are you still prepared to proceed?" Again, Romero answered, "Yes, ma'am." Shortly after hearing the warning, *481 Romero stepped outside with his attorney to ask a question unrelated to his immigration status. Then, having expressed his understanding of the risk of deportation, and having taken an opportunity to confer with his attorney, he pleaded guilty.
{¶ 53} I assume that Romero meant what he said at the plea hearing-that he understood that he could be deported as a result of the plea. In light of the court's advisement and Mr. Romero's affirmative representation that he understood that he could be deported, Romero cannot demonstrate that he was prejudiced.
{¶ 54} It would likely be a different story if Romero's affidavit indicated that his attorney gave him advice that undermined, or contradicted, the trial court's clear warning. This is not a case like Lee v. United States , --- U.S. ----, 137 S.Ct. 1958, 1968, 198 L.Ed.2d 476 (2017), fn. 4, in which the attorney provided affirmative misadvice "specifically undermining the judge's warnings themselves, which the defendant contemporaneously stated on the record he did not understand."
{¶ 55} Indeed, in Lee , the United States Supreme Court cautioned that "[c]ourts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." Id. at ----, 137 S.Ct. at 1967.
{¶ 56} Here, the contemporaneous evidence is that Romero was told that he could be deported and said that he understood. An analogous case, decided after Lee , is United States v. Varatha-Rajan , 6th Cir. No. 17-2225, 2018 U.S. App. LEXIS 16924 (June 21, 2018). There, the Sixth Circuit Court of Appeals held that even though counsel may have acted unreasonably in failing to inform the defendant of the consequences of the plea, the defendant could not show prejudice when the court had informed the defendant that his conviction could result in deportation. Similarly, in another post- Lee case, Superville v. United States , 284 F.Supp.3d 364, 366 (E.D.N.Y.2018), aff'd , 771 Fed.Appx. 28, (2d Cir.2019), the court concluded that a defendant could not establish prejudice when a magistrate and district court judge had informed the defendant that "he could face deportation if he pleaded guilty." The court explained that if the advisement on immigration consequences "is to have meaning, courts must be able to rely on the fact that defendants take this warning seriously, and speak truthfully under oath when they acknowledge that they understand the immigration consequences of their plea." Id. at 375.
{¶ 57} Simply put, Romero's bald assertion that his attorney never advised him about the immigration consequences of pleading guilty does not amount to prejudice, *419 because he plainly expressed that he understood he could be deported. *482 Romero has failed to set forth sufficient operative facts that entitle him to an evidentiary hearing. Because the court holds otherwise, I respectfully dissent.
Kennedy, J., concurs in the foregoing opinion.